G. R. STANTON v. GAM. J. MORGAN, *et al.*, as BOARD OF COUNTY COMMISSIONERS OF ESCAMBIA COUNTY.

172 So. 485.

Opinion Filed February 2, 1937.

Rehearing Denied March 2, 1937.

*D. W. Berry,* for Appellant;
*Forsyth Caro,* for Appellees.

BUFORD, J.—The appeal is from a final decree in a suit filed by the appellant to restrain the defendants from laying out a right of way or public road over and upon the premises of the complainant as described in the bill of complaint; to require the premises to be repaired, fences to be re-established and rebuilt and the property to be put back

in the condition that it was at the time of the trespass and entry upon said premises and, upon final hearing, to make said order permanent and to decree a reasonable compensation for all damages and injury done, committed or suffered by the defendants, their agents, servants or employees from entering upon said premises and from committing any further depredations, spoils or damages thereon.

Neither brief filed in the case complies with Rule 20 because neither brief submits questions of law to be determined by the court and neither brief gives a concise history of the case. The history of the case as made by complainant as we gather it from the bill of complaint which was filed March 31, 1932, and from the evidence, is that many years ago a townsite was laid out in the neighborhood known as Bluff Springs and that on said plat a roadway was shown lying between certain lots but no road was ever built and no one ever exercised the right or license to use same as a street. That the complainant bought and went into possession of the adjoining lots and became vested with title to the plot of land shown as streets; that he fenced the property and had been in possession of it for more than seven years; that the platting of the property was without the authority of the then owner of the property; that on the 18th day of March, 1932, the Board of County Commissioners of Escambia County, Florida, pursuant to a resolution which was duly adopted to cut a roadway through the premises involved, began to lay out and construct a roadway; that at the time of such action by the defendants the complainant was using the said property as a pasture and had broken ground expecting to cultivate part of it and had substantial fences built; that on March 28th the defendants, acting under said resolution, through their agents and servants, did cut the fence of the complainant, allow-

ing certain hogs of complainant to escape and that the defendants did then and there do irreparable injury and will continue to do irreparable injury to the complainant's premises; that the complainants were at the time of the filing of the bill continuing to lay out said road and to make it a public highway.

It is *alleged* in the bill of complaint that the County of Escambia is insolvent and that any judgment which the complainant might recover against it in an action at law could not be collected from it.

It is also alleged that there is no necessity for the public road which is sought to be built.

Answer was filed denying practically all the allegations of the bill of complaint, except that they admitted going upon the property described and proceeded to improve the public highway which had been theretofore dedicated to the use of the public and which had been used by the public as a public highway, to-wit: a street known as Branch Street and another street known as Mallory Street and another street known as Scarritt Street. In other words, the defendants contend that they have merely improved and converted into public roads the streets which were dedicated on the plat of Bluff Springs as public streets and which had been used by the public as such.

Testimony was taken.

The final decree adjudicated as follows:

"And the parties having agreed before the Court, at the time of submitting the cause to the Court, that in the event that the Court should find the equities to be with the plaintiff, that the Court could decree a vendor's lien on the property involved in the suit, and along and over which the defendant County Commissioners were constructing the road alleged in the bill of complaint, and which said particular

property is hereinafter described, and that the court could order said property to be sold to satisfy any indebtedness due from the defendant to the plaintiff for said property, and the Court having examined all of the testimony in the cause, and being fully advised in the premises, it is, therefore, ordered, adjudged and decreed by the Court as follows, to-wit:

"1. That the prayer of the plaintiff for an injunction against the defendants, be and the same is hereby denied.

"2. That as against the defendants, the plaintiff G. R. Stanton is the owner of the following real estate, situate, lying and being in the County of Escambia and the State of Florida, to-wit:

"Scarritt Street between Johnson and Pringle Streets, in the old town of Bluff Springs, according to Map of the town of Bluff Springs, and which said street is between Block 39 on the West and Block 41 and 42 on the East side of Scarritt Street,

"And that said Street is a part of the real property described in the bill of complaint.

"3. That inasmuch as the defendants have used the said property for the purpose of constructing a public road over and along the same, and are using said property of the plaintiff for a public road, the law will imply a promise and obligation on the part of the defendants to pay the plaintiff a reasonable purchase price therefor, and that plaintiff has a vendor's lien on said street and property, as security for the same, and that said lien is foreclosable."

From this decree it appears that the parties to the suit in the court below had entered into an agreement before the court that in the event the court should find the equities to be with the complainant the court should decree a vendor's lien on the property involved and the court could

order said property to be sold to satisfy any indebtedness due to defendant from the plaintiff for the said property. This the court did.

It is contended by the appellant that it did not agree to the entry of such decree as was entered. The decree of the court becomes the record. Where there is a conflict btween statements of counsel and the record in a case as to any transaction occurring in the progress of the cause the record will control and this court will be guided in its conclusions by that which the record discloses. Gracy v. Gracy, 74 Fla. 63, 76 Sou. 530.

That a court of equity has jurisdiction to enter such decree as was entered in this case is established by the opinion and judgment in the case of County of Hillsborough v. Kensett, 107 Fla. 237, 144 Sou. 393, in which it was held:

"One whose lands were taken by county for highway without condemnation could maintain suit in equity against county to establish amount due as compensation (Const. Declaration of Rights, Sec. 12, Art. 16, Sec. 29)."

In the same case it was held:

"A county of this State, being a mere governmental agency through which many of the functions and powers of the State are exercised, partakes of the immunity of the State from liability and may not be sued in an action *ex delicto* for damages to private interests resulting from construction of a public highway. Keggin v. Hillsborough County, 71 Fla. 356, 71 Sup. Rep. 372; City of Grenada v. Grenada County, 115 Miss. 831, 76 Sou. Rep. 682, 15 C. J. 569.

"Right of recovery for the value of the land taken for highway purposes rests upon an implied contract liability, there being no express contract between the parties. As-

sumpsit may be maintained for the recovery of damages for the breach of non-performance of a simple contract, oral or written, or upon a contract implied by law from the acts or conduct of the parties. Hazen v. Cobb, 96 Fla. 151, 117 Sou. Rep. 853. And assumpsit, in a proper case, may be maintained against a county. Dade County v. Miami, 77 Fla. 786, 82 Sou. Rep. 354; Johnson v. County of Wakulla, 28 Fla. 720, 9 Sou. Rep. 690."

So, the only question left open is whether or not the evidence is sufficient to support the decree of the Chancellor and that question must be determined adversely to the contentions of the appellant.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.