P. Rosenbaum and M. F. Little, co-partners, trading and doing business under the name of Rosenbaum & Little, v. State Road Department and Levy County.

177 So. 220.
Division A.
Opinion Filed October 28, 1937.
Rehearing Denied December 6, 1937.

*H. H. Wells, B. K. Roberts* and *William K. Whitfield,* all of Tallahassee, and *John R. Willis,* for Appellants;

*W. Arthur Simpson* and *Edward S. Hemphill,* for Appellees.

TERRELL, J.—In December, 1931, the Appellants as copartners, being the owners of a lease on certain lands in Levy County executed a conveyance thereof to the State Road Department of Florida and to Levy County. The purpose of the conveyance was to secure that portion of the right of way for State Road Number Five. It was agreed by the parties that a consideration of $3,280.00 was a proper amount to be paid for the lease, that $2,780.00 of said amount should be paid by the State Road Department and that $500.00 thereof should be paid by Levy County.

The State Road Department paid the amount agreed to be paid by it and built the road over the lands described in

the lease but Levy County having failed to pay the amount agreed to be paid, the Appellants as complainants, filed their bill of complaint in the Circuit Court praying that a jury be empanelled to determine what amount should be awarded them for the lease or if not proper to impound a jury for that purpose, the Court proceed to determine said amount and that complainants may have a lien decreed in their favor upon the lands or the lease so taken and appropriated for the amount found to be due them.

The State Road Department and Levy County each filed motions to dismiss the bill of complaint. As to the State Road Department, the motion was granted. As to Levy County, the motion was granted but the cause was transferred to the law side of the docket for "such further proceedings as may be according to law." The instant appeal is from that decree.

Complainants brought their suit on the theory that not having paid the full amount of the compensation agreed on, Appellees wrongfully entered and appropriated their lands for a public purpose contrary to Section 12 of the Declaration of Rights and Section 29, Article XVI, Constitution of Florida, and having done so, they are entitled to a lien against the lands including the improvements thereon for the consideration due. It was shown that the fee in the lands had been secured by the State Road Department but subject to the lease.

The Appellees contend that the bill is without equity, that Appellants have an adequate remedy at law, that the State Road Department cannot be sued in an action of this kind, but if it could, Appellants have waived their right to do so. The amount claimed is not denied. The real question involved is whether or not complainants were required to proceed at law and who is liable for the claim.

To support their contention, complainants rely on Florida Southern Railroad Company v. Hill, *et al.* 40 Fla. 1, 23 So. 566, and similar cases. The latter case was one in which the railroad company having the right of eminent domain, declined to exercise that right but without the owner's consent, entered and appropriated his lands for right-of-way purposes. This Court held that under such circumstances, the owner might at his election waive the tortious taking of his lands for the purpose stated and resort to equity in the first instance to establish the amount due him for compensation and to enforce his claim by charging the company's interest in the land and improvements thereon for its payment.

We also held that even if Hill be estopped by acquiescence from dispossessing the company, he would not be granted an injunction to coerce payment but that he would be entitled to a lien in equity on the land and the improvements. While the tortious taking was illegal, it was not relied on for recovery, that being decreed solely on the theory that the taking was done under the power of eminent domain. The lien acquired applies as well to the sale of an easement in, as it does to a sale of title to or an estate in the land. Florida Southern Railroad Co. v. Hill, *et al., supra.*

Section 29 of Article XVI of the Constitution provides that no private property nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner which shall be ascertained by a jury of twelve men in a court of competent jurisdiction. Section 12, Declaration of Rights, is of kindred import.

The State Road Department and Levy County are each clothed with the power of eminent domain by the exercise

of which they could have secured the right to the perpetual use of Appellant's lease for right-of-way purposes. Instead of exercising the power of eminent domain, a price was agreed on for the lease satisfactory to all parties, which was in part paid, and the lands described in the lease entered and appropriated for the purpose sought. The Appellees have in other words secured the same rights in Appellant's lease as they would have secured if they had exercised the right of eminent domain but have not paid the full price they agreed to pay.

In our view, the provisions of organic law as here relied on are mandatory and apply to every corporation or individual appropriating the property of another, including Appellee's, and under the circumstances related, the owner may resort to equity in the first instance to establish the amount of his claim and may have a lien decreed on the lands including the improvements thereon for payment.

In this holding, we do not overlook any remedy afforded the complainants at common law. They had their election to proceed at common law or in equity but valuable rights having been appropriated, they will not be held in error for electing what they deem to be the most efficacious remedy when they have an election.

The Constitution contemplates an efficacious as well as an expeditious remedy in a case of this kind. The law cannot enforce or declare its judgment a charge against the land. Such a charge is creature of equity and can be enforced only in a court of equity. This is not the common ordinary action in which a claim is sought to be established and a judgment secured therefor. It is rather an effort to enforce payment or an amount agreed to be due and is ruled by Florida Southern Railroad Company v. Hill, *supra*.

It follows that the judgment below must be and is hereby reversed.

Reversed.

Ellis, C. J., and Buford, J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.