CITY OF MIAMI v. THE SIROCCO COMPANY

188 So. 344
Divison A.
Opinion Filed April 28, 1939.

*J. W. Watson, Jr., E. F. P. Brigham* and *W. H. Burwell,* for Appellant;

*Walter O. Marshburn, Grady C. Harris* and *Middleton McDonald* for Appellee.

TERRELL, C. J.—This is a suit in equity to recover the value of lands appropriated for a street or highway by the City of Miami through government lots one and two, Section nineteen, Township Fifty-three, South Range twenty-two East, Dade County. The bill of complaint prays that the City be required to institute condemnation proceedings to determine the value of said lands or that the Court find and fix the amount of compensation plaintiff is entitled to

for them and that a lien be decreed against them as security for said amount. A motion to dismiss the bill of complaint was overruled and this appeal was prosecuted . from that decree.

The question brought up for determination is whether or not the Sirocco Company is entitled to be compensated for the lands appropriated by the City and this question turns on that of where the title to the lands appropriated was vested at the time of the appropriation. The fact that they were appropriated for the purpose charged is not denied.

The Sirocco Company relies on an equitable lien in and to the lands and the right therein guaranteed to it by Section Twenty-nine, Article Sixteen of the Constitution and Section Twelve of the Bill of Rights, Constitution of Florida, as construed in Hillsborough County v. Kensett, 107 Fla. 237, 144 So. 393, and Rosenbaum & Little v. State Road Department, 129 Fla. 723, 177 So. 220. Section Twenty-nine, Article Sixteen of the Constitution requires that lands of private persons be condemned and "full compensation" made therefor under the facts related, if in reality they were owned by complainant.

Appellant contends that the lands appropriated by it were at the time a part of the public domain of the United States and were subject to appropriation for highway and street purposes under Section 2477, United States Revised Statutes, also Section 932, Title 43, Public Lands, U. S. C. A. which provides that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." If this contention is correct, the City had a right to appropriate the lands for its uses.

As to status of the title, the record discloses that on May 28, 1919, Wayne Realty and Investment Company, a Florida Corporation, conveyed the lands in question by warranty deed to Francis S. Whitten, who in turn on June 23, 1925,

conveyed them to Manhatten Real Estate Company a Florida Corporation, and that they were on the 27th day of January, 1927, conveyed by the grantee of Whitten to the Sirocco Company, appellee, in this case. Whitten went into possession and made improvements of the lands. The record does not disclose the source of the title of Wayne Realty and Investment Company or any of its grantees.

Litigation ensued over the title and in December, 1931, the Department of the Interior of the United States decided that title to said lands had never passed from the Federal Government, that the Government still owned them, but that on account of Whitten having entered into possession and having improved them, he was entitled to apply for and receive title to them. Whitten on January 2, 1932, accordingly applied for and received title thereto and on March 20, 1933, he conveyed his title, less that to the land appropriated for streets and highways by the City to appellee, the Sirocco Company.

From November, 1925, to sometime in December, 1926, the City appropriated a right of way over lots one and two by the construction of a street or highway and by laying sidewalks, water mains, and sewer pipes thereon. The City therefore appropriated the lands more than six years before Whitten acquired title from the federal government which was in turn conveyed to appellee.

If Whitten or Wayne Realty and Investment Company had been homestead entrymen in regular course or had legally preempted or taken possession of lots one and two, there would be no question of Appellee's equitable title and its right to recover but so far as the record discloses, Appellee and all its predecessors in title were nothing more than squatters and had acquired no legal status whatever as to the lands in question at the time of appropriation by the City.

Whitten's legal title was not acquired until January 2, 1932, more than six years after the City's appropriation. The fact that the Federal Government permitted him to apply for the lands at this time was merely a courtesy which is frequently extended in such cases. It recognizes nothing more than a moral right. During all these years, Whitten and his successors in title including appellee, stood by and watched the City make its improvements and made no attempt whatever to prevent them or to assert any legal claim in the lands. The streets appropriated now constitute Biscayne Boulevard and the Federal highway, the main thoroughfares into the City from the North.

We have examined every case relied on by Appellee and it appears that the entryman in all of them was in possession or claimed by some legal color of title but in the case at bar, the record does not disclose that appellee or his predecessors claiming adverse to the City had any legal color of title whatever until the Federal government released its right to Whitten in 1932.

It is settled law that after a legal entry is made on the public lands under which the entryman becomes entitled to a patent when the required prerequisites are met, he holds the beneficial or equitable title and the government holds the naked legal title in trust until the issuance of the patent. The entry is the inception of his claim and by it, the lands entered are segregated from the body of the public lands. When so withdrawn, they are no longer subject to entry or preemption or sale until the former entry is cancelled. 22 R. C. L. 260.

In this case, no formal or legal entry was filed or was shown to be of record at the time the City appropriated for streets and highways. Those acquiring title subsequently took subject to the City's claim. Flint & P. M. Ry Co. v. Gordon, 41 Mich. 420, 2 N. W. 648; Keen v. Board of

Supervisors of Fairview Township, 8 S. D. 558 67 N. W. 623; Duffield v. Ashurst, 12 Ariz. 360, 100 Pac 820; Sams v. Port Royal & A. Ry. Co., 15 S. C. 484.

Other questions argued have been considered but we do not think it necessary to discuss them. If the City's appropriation was an unreasonable one from the standpoint of the amount appropriated or resulted in damage to Appellee's improvements, there may be a basis of recovery to that extent but a reasonable appropriation for right of way purposes was authorized under the federal law and for this there is no right of recovery. The judgment is therefore reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.