STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA v. A. D. BENDER, *et al.*

2 So. (2nd) 298
En Banc
Opinion Filed May 2, 1941
Rehearing Denied May 27, 1941

*Shackleford, Farrior & Shannon, T. M. Shackleford, Jr., Lamar Sarra* and *William E. Thompson,* for Appellant;

*Mabry, Reaves, Carlton & White,* for Appellees.

TERRELL, J.—In 1925, a subdivision called Sun City was platted and projected in the southern part of Hillsborough County. It contained 427 acres or 1,642 lots with streets, alleys, parks, and other public areas and was located on the south side of Little Manatee River along State Road 541, better known as the Bayshore Highway. The plat was recorded and about 200 lots were sold to as many purchasers who are the present owners. The promoters of the subdivision improved some of the streets by paving and curbing and paved some of the sidewalks. Very few buildings were constructed so when the boom collapsed, the project failed and was abandoned by the promoters.

In 1937, the State Road Department rebuilt and

widened Bayshore Highway and in doing so entered the subdivision without the owners' consent and removed large quantities of shell, curbing, sidewalk, and builder's sand. It also constructed a canal of large proportions from Bayshore Highway across numerous lots, drives, and avenues of the subdivision into Little Manatee River. In widening Bayshore Highway, the State Road Department appropriated a strip of land 42 feet wide and 6,600 feet long, dug a large hole in one of the lots and committed other depredations to the property.

The bill of complaint herein was filed by the original owners except T. J. Fleming and alleges that the State Road Department appropriated the foregoing properties for public use without the authority of or without making or securing compensation to the owners and that it now refuses to do so and denies that it is suable or that the plaintiffs have a remedy against it. As to Fleming, it alleges these facts and that he (Fleming) became the owner of certain lots after the damage was done, but that by assignment, he became possessed of all rights and causes of action which the original owners possessed.

The bill of complaint prayed (1) that the State Road Department restore the property to its original condition, or (2) that it be required to prosecute condemnation proceedings to determine the value of the properties appropriated and to pay complainants the amounts found to be due, or (3) that the court decree what part of the Bayshore Highway the properties taken were incorporated into and that the owners be given a lien on it for the amount so found and for other relief.

A Motion to dismiss the bill of complaint was over-

ruled, answer was filed, and on final hearing, the chancellor found that 8,414.29 cubic yards of shell, 24,935 linear feet of concrete curbing and 1,003.3 cubic yards of builder's sand was taken by the State Road Department from the streets and lots of complainants, that the value of said materials including interest from the time of appropriation and attorney's fees was $23,606.68. The final decree ordered this amount with interest at 6 per cent from the date of the decree paid into the registry of the court at which time a supplemental decree would be entered allocating the proper amount to the several lot owners, jurisdiction being reserved for this purpose. This appeal is from the final decree. Appellees filed cross assignments of error attacking the sufficiency of the award as to some items.

It is first contended that this is an unauthorized suit against the State which cannot be maintained.

The identical question was considered and answered contrary to the contention of appellants in State Road Department of Florida, *et al.,* v. Tharp, decided April 25, 1941. More need not be said on the question since this is a stronger case on the point than the one last cited.

It is next contended that even though complainants have a cause of action, it cannot be maintained in equity because defendant would be deprived of its right of trial by jury.

The prayer for relief is in the alternative and the chancellor could have ordered condemnation by a jury trial but he did not do so. In this, we must hold him in error because (1) it is a class suit authorized by Section 14 of the Chancery Act. (2) Hundreds of lots and dozens of lot owners are affected, making it a

typical case for a court of equity where all owners can be dealt with fairly and at reasonable expense. (3) It is competent for a court of equity to adjudicate such controversies and we have upheld them in doing so. Hillsborough County v. Kensett, 107 Fla. 237, 144 So. 393; Stanton v. Morgan, 127 Fla. 34, 172 So. 485; Rosenbaum v. State Road Department, 129 Fla. 723, 177 So. 220. (4) If the court had granted the alternative prayer by ordering condemnation, it would have imposed an inordinate burden on the various lot owners. Casa Loma Springs v. Brevard County, 93 Fla. 601, 112 So. 60.

When a court of equity takes jurisdiction for one purpose, it will retain jurisdiction for the purpose of settling all controversies between the parties even to the extent of awarding common law relief. That rule is particularly applicable here where material and land used for a drainage ditch were appropriated.

It is next contended that since Fleming acquired title to his lots after the removal of the materials in question from them, he cannot now be compensated for them or make any claim for the ditch right of way.

It is true that Fleming acquired his title to the lots after the material was moved, but he also acquired an assignment of any right of action his grantor might have before suit was brought and thereby became the real party in interest. A cause of action arising from pure tort like personal injury cannot be assigned but it is well settled that a cause of action growing out of injury to property may be assigned especially when the assignee as in this case, has acquired title to the property. 6 Corpus Juris Secundum 1082.

It is also contended that none of the complainants

can recover in this case because the streets had been dedicated to the public by a plat filed and recorded for that purpose in the public records of Hillsborough County.

This contention is based on the premises that Chapter 10275, Acts of 1925, relating to the recording of maps and plats vests the fee in the streets so indicated to the City. An inspection of the body and title of this Act does not evidence any such intention. Since this is the case, we are impelled to hold that the Act has no such effect and in no way affects the well settled rule that the fee to the middle of the street is in the abutting owner. Burns v. McDaniel, 104 Fla. 526, 140 So. 314.

In this case, there was no formal or record acceptance of the streets, parks, and alleys of the subdivision by the public and the evidence shows without contradiction that they had been abandoned and had grown up in weeds, bushes, and undergrowth to the extent that they had to be cleaned off before the shell could be removed.

That part of the final decree awarding cost, interest, and attorney's fees is challenged but we find no error on this point. The statute in terms provides for the payment of these items in condemnation suits. Having appropriated the land and material without the consent of the owners and then having refused to pay them, the chancellor felt that these items were an element of just compensation and we refuse to hold him in error for so doing. Treadway v. Terrell, et al., 117 Fla. 838, 158 So. 512.

Appellees by cross assignments contend that the allowances made for the materials did not accord with the law and the evidence, that sufficient allowance was

not made for materials taken from the canal and that the amount allowed for the drainage ditch easement was not sufficient.

The evidence has been examined and as to the claim for materials taken, the rule seems to be that the plaintiffs should be allowed the replacement value of them. The court was therefore in error on this point but the other cross assignments are not well grounded.

It follows that the judgment on appeal is affirmed. On cross assignments, it is affirmed in part and reversed in part.

BROWN, C. J., WHITFIELD, BUFORD, THOMAS and ADAMS, J. J., concur.