**J. T. FLEMING, et al., v. STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA.**

25 So. (2nd) 376    January Term, 1946
March 8, 1946    Division A

. *Herbert Wentworth,* for appellants.

*Calvin Johnson,* for appellee.

BUFORD, J.:

In this suit the plaintiffs sought by Bill in Equity to procure a declaratory judgment construing and determining the rights and status of the parties under a final decree entered in the suit of A. D. Bender et al. v. State Road Department in the Circuit Court of Hillsborough County, Florida, on the 5th day of January, 1940, and affirmed by this Court in State Road Department v. Bender, et al., 147 Fla. 15, 2 So. (2nd) 298, and for additional and supplemental relief.

The decree was pleaded and the pertinent part thereof is:

"Found, ordered, adjudged and decreed as follows:

"1. The defendant, in 1937, took and appropriated for public use, without authority and without making or securing compensation to the owners, properties of the plaintiffs of the following kinds, quantities and values:" . . .

"(d) An easement for highway drainage purposes extending from a point on State Highway No. 23 where Negri Avenue, if extended over and across Lots 12, 13 and 14 of Block 62 of Sun City Subdivision, would intersect with State Highway No. 23 South to the center of the intersection of Negri Avenue with Pathe Drive, thence east along the center line of Pathe Drive to the center of the intersection of Pathe Drive with Swanson Avenue, thence northward along the center line of Swanson Avenue and across Fairbanks Drive and across Lots 2, 3 and 4 of Block 7 of Sun City Subdivision, as shown on the recorded plat of Sun City subdivisions to the natural drain forming the north boundary of said Lots 2, 3 and 4 of Block 7, the said easement being 75 feet wide and being 37½ feet on either side of the center line of the drainage canal as at present constructed, which the Court finds and assesses also to include damages to the properties of the plaintiffs caused by the construction of said drainage canal to be of the value of $2,165.00" . . .

"3. Since the defendant, as per its prayer, is hereby allowed an easement to perpetually maintain the drain constructed by it across the property of the plaintiffs as if it had condemned said easement under the Statutes, the Court fixes (the parties having waived the right to offer evidence) and, over the objection of the defendant, hereby allows plaintiffs

for counsel fees of reasonable sum comparable to what would necessarily have been allowed had said easement been acquired in due exercise of the power of eminent domain, and fixes said sum at $500.00" . . .

"5. The defendant, upon the payment of the sums herein directed to be paid, shall have and is hereby granted a perpetual easement to maintain, for the purpose of draining State Highway No. 23, the canal as constructed in 1937 and as is described more particularly in paragraph 1, subparagraph (d) above, and for said purposes and to afford ingress and egress thereto said easement is hereby granted the full width of the avenues as shown on the recorded plat of Sun City Sub-division, namely 75 feet."

The amended bill of complaint was drawn by one of the plaintiffs, a layman, and he, apparently fearing that he would not allege sufficient facts to warrant relief, included in his bill every fact and circumstance which he thought might have some bearing on the matters which he wished adjudicated. When stripped of unnecessary allegations and verbiage, the bill alleges sufficient facts to show: That in 1937 the defendants without leave or license and without making compensation to the owners, constructed a highway through lands belonging to plaintiff's predecessors in title and in connection with the construction of the highway cut a drainage ditch or canal through the property of plaintiff's predecessors in title as described in the decree, supra; that in connection with construction of the said canal the defendant built a bridge across such canal to provide facilities for ingress and egress from lands on either side of the canal to lands on the other side, the lands on both sides being owned by the same parties; that in 1938 plaintiffs acquired title to the property through which the highway and canal had been constructed and was then being maintained and shortly thereafter procured an assignment from the former owners of all claims, rights and causes of action accruing by reason of the acts done as above stated by the defendant; that on March 16th 1939, plaintiffs, joined by others, filed a suit in which they sought recovery of the value of easement which had been taken by defendant for the construction of the highway and

drainage canal and for other damage occasioned by removal of material for road-building purposes from the lands of plaintiffs by the defendant, which suit resulted in the decree hereinbefore referred to.

It is alleged further that the canal being in good condition, functioned satisfactorily for the purpose of carrying off the water from the ditches along the highway and not overflowing onto plaintiffs' lands during the period from 1937 to 1942, but during the year 1942 and thereafter, because of the failure of the defendant to maintain the canal in the condition which obtained in 1937, the banks eroded at numerous places and plaintiffs' property was damaged and continued to be damaged and, because of the like failure of defendant to so maintain the canal, weeds, bushes and trees were allowed to grow up and clog it which caused it to overflow and damage plaintiffs' lands.

It is further alleged in effect that when the above condition was allowed by defendant to obtain the plaintiffs notified the defendant of the condition and requested that defendant repair the damage done by erosion, remove the obstructions and in other respects to maintain the canal in such manner that it would not continue to damage plaintiffs' property, but defendant, while still allowing water from the highway ditches to run into and overflow from the canal on to plaintiffs' property, refused and failed to so repair and maintain the canal so it would not overflow and damage plaintiffs' lands.

Plaintiffs in effect prayed for a declaratory judgment defining the duties of the defendant under the decree of January 5th 1940 in the suit of A. D. Bender et al. v. State Road Department, supra, and adjudicating the relief available to plaintiffs by reason of the action and conduct of the defendants in the premises and for decree requiring the defendant to perform such acts and duties as may be required to afford plaintiffs the relief so adjudged to be available to them.

Motion to dismiss was filed stating the following grounds:

"1. The bill shows upon its face that it is an attempt to obtain a decree interpreting a final decree entered by this

Court in a case wherein the plaintiffs here were plaintiffs and the defendant here was defendant to which final decree no appeal was taken or prosecuted.

"2. The said final decree which plaintiffs seek to have construed is plain and unambiguous and needs no construction.

"3. It appears from the said Amended Bill of Complaint that it is simply an effort to relitigate and rehash the matters involved in the previous suit therein referred to in which the said final decree was entered.

"4. No facts are shown under which any duty upon this defendant to maintain the drainage ditch involved is made to appear."

Motion to dismiss was granted by Order, as follows:

"The above and foregoing read and considered. And it appearing to the Court that Plaintiffs refuse to plead further, it is

"ORDERED AND DECREED that the defendants' motion to dismiss the bill of complaint be and the same is hereby sustained and suit dismissed, without prejudice to plaintiff. DONE AND ORDERED at Circuit Court Chambers in Tampa, Florida, this 27th day of August, 1945."

From this Order plaintiffs appealed.

The bill is not without equity and should not have been dismissed. This is so because if a bill states any ground for equitable relief, it should not be dismissed. Masser v. London Operating Co., 106 Fla. 474, 145 So. 72; 79; Matthews v. Wilkerson 132 Fla. 753, 182 So. 439.

None of the issues sought to be presented in this case were present in the case of Bender v. State Road Department, supra.

The matter which gave rise to the plaintiffs' cause of action here sought to be adjudicated occurred, as is alleged, after the termination of that suit. Therefore, the decree in that suit is no bar to this suit.

The bill of complaint alleges sufficient facts to show the plaintiffs are entitled to have the defendant maintain the drainage canal in a condition to carry off the water flowing into it and so as not to over-flow the plaintiffs' property so

long as the defendant may allow this ditch or canal to retain an open connection with the highway drains and ditches thereby allowing the water from such highway drains and ditches to flow into it. This enunciation is too elementary to require the citation of any authorities. Aside from this, as we construe the provisions of the decree entered in the Bender case, supra, it granted to the defendant an easement "to perpetually maintain the drain constructed by it across the property of the plaintiffs" and decreed that defendant "shall have and is hereby granted a perpetual easement to maintain for the purpose of draining State Highway No. 23 the canal as constructed in 1937 and as is described more particularly in paragraph 1, sub-paragraph (d) above and for said purposes to afford ingress and egress thereto, said easement is hereby granted to the full width of the avenues as shown on recorded plat of Sun City Sub-division, namely 75 feet."

So we hold that the decree required the canal to be maintained in the condition in which it was then constructed in 1937 so long as it was allowed by the defendant to be used to drain the water from the highway drains and ditches.

In the recently decided case of Ready v. Safeway Rock Company, opinion filed February 1st 1946, not yet reported, Mr. Justice TERRELL prepared the opinion for the Court and in that opinion the writer fully and clearly set forth the scope of Chapter 21,820 Acts of 1943 which amended Sec. 62.09 Fla. Statutes, 1941 (same FSA). On authority of that opinion and for the reasons stated, heretofore, we hold that the bill was not without equity.

The record shows that the plaintiffs now have the services of able counsel who is competent to sift the wheat from the chaff and to set up in an amended bill the necessary allegations to coincisely show plaintiffs' right to equitable relief because of the alleged wrongful acts of the defendant.

Therefore, the decree appealed from is reversed with directions that an order be made by the court below requiring the plaintiffs to file an amended bill of complaint within a reasonable time to be fixed by the court.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.