142 So.2d 773 (1962)
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, Appellant,
v.
G.L. HARVEY and Edwina Harvey, His Wife, Appellees.
No. 2829.
District Court of Appeal of Florida. Second District.
June 27, 1962.
Robert D. Canada, Tallahassee, for appellant.
Walter Warren, Leesburg, for appellees.
SHANNON, Chief Judge.
This interlocutory appeal seeks review of an order in chancery denying a motion to dismiss filed by the defendant-appellant, and ordering the cause transferred to the law side of the court.
Plaintiffs, appellees here, filed their unsworn complaint seeking to have the defendant, State Road Department, enjoined from trespassing on their land. Motion to dismiss was granted with leave to amend. Plaintiffs then filed a sworn amended complaint alleging that in April, 1959, Lake County commenced condemnation proceedings against a portion of their lands for state road rights of way. Subsequently, the plaintiffs here caused that litigation to *774 be dismissed for lack of prosecution. The complaint goes on to allege that the petitioner in the condemnation proceeding later filed a motion for reinstatement of that cause, but that the motion was denied.
In the meantime, plaintiffs go on to assert, the State Road Department caused certain construction work to be performed on the same lands of the plaintiffs as were involved in the prior condemnation proceeding; and that this work appears nearly completed. The prayer for relief sought to have this alleged trespass enjoined.
The defendant filed its motion to dismiss the amended complaint, stating as grounds therefor that the court lacks jurisdiction; that the bringing of the action is prohibited by law; that the amended complaint is without equity; and that it fails to state a cause of action. The motion was denied and the cause transferred in an order reading as follows:
"This matter having been presented to the Court upon the defendant's motion to dismiss the amended complaint which was served on February 6, 1961, and thereafter the matter was argued before the Court and the Court requested briefs upon the question of law that was raised by the defendant, that is to say whether the State Road Department of Florida has immunity from suit as in this matter, and the plaintiff having furnished its brief to this Court on June 13, 1961, the Court does hereby find that said motion to dismiss is not well founded in law and therefore the same is denied. It is, upon further consideration,
"ORDERED, CONSIDERED AND ADJUDGED that this case be transferred to the Law side of the Court for the purpose of awarding the property owner damages for the taking of his property, together with costs and attorney's fees."
In this interlocutory appeal directed to the foregoing order, the appellant, State Road Department, urges that it was not afforded opportunity to argue its answer and have the cause heard on its merits. It appears from the body of the order under review that the chancellor not only heard the argument of counsel on the motion to dismiss the amended complaint, but that he also requested briefs to be filed by the parties relative to the question of the State Road Department's immunity from suit. The record does not bear out appellant's argument that it had no opportunity to argue the motion to dismiss appellees' amended complaint. We are, therefore, unable to say that the chancellor erred in denying the motion. This court is of the further opinion, however, that the order transferring the cause to the law side for a determination of the question of damages was premature.
The sworn complaint filed below by the appellees was sufficient to assert a taking by the state agency without compensation to the land owner whose property is involved. It is well established in this jurisdiction that although the state is immune from suit, on grounds of public policy, its agencies are not permitted to trespass on and take the property of a private citizen without corresponding redress to the citizen in the courts. State Road Department of Florida v. Tharp, 1941, 146 Fla. 745, 1 So.2d 868. "Those agencies which under the power of eminent domain set about to perform works that require the use of private property are charged with the responsibility of procuring the title to or easements over and upon all such property as may be required for their purposes, and the constitutional requirement to pay just compensation to the private owner will not be frittered away by failure to take the preliminary precaution of acquiring the necessary interests in the manner provided by law." State Road Department of Florida v. Darby, Fla.App. 1959, 109 So.2d 591.
The suit commenced below by the filing of the sworn amended complaint was proper *775 insofar as it went. The chancellor should have allowed the cause to proceed on to final hearing on the question of whether there was in fact a taking, at which time, if the question be answered affirmatively, it would be proper to transfer the cause to the law side of the court for a determination of the amount of property taken and the value thereof in a proceeding in the nature of condemnation proceedings. See State Road Department of Florida v. Darby, Fla.App. 1959, 109 So.2d 591; State Road Department v. Bender, 1941, 147 Fla. 15, 2 So.2d 298; and State Road Department of Florida v. Tharp, 1941, 146 Fla. 745, 1 So.2d 868.
The order from which this interlocutory appeal is taken is affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.
SMITH and WHITE, JJ., concur.