## COSSELMAN v. PITTMAN.

No. 65-1673-L.

Circuit Court, Duval County.

May 3, 1966.

Howell, Kirby, Montgomery, Sands & D'Aiuto, Jacksonville, for plaintiff.

Robinson & Randle, Jacksonville, for defendant.

WILLIAM L. DURDEN, Circuit Judge.

*Order on motions:* The complaint in this case is framed in three counts. The first count seeks to recover for the property damage alleged to have been done to the automobile of the plaintiff, Roy G. Cosselman.

The second count seeks to recover for personal injuries sustained by Wilma B. Kamienski, which cause of action was assigned in writing to the plaintiff, Roy G. Cosselman.

The third count seeks to recover for personal injuries sustained by Patrick Kamienski, which cause of action was assigned in writing to the plaintiff, Roy G. Cosselman.

The motions addressed to the second and third counts clearly and directly raise the issue as to whether or not a cause of action for personal injuries is assignable in Florida.

At common law such a cause of action was not assignable. There were two reasons given for this conclusion. The first was that at common law such a cause of action did not survive the death of the person injured and therefore could not be assigned. The second was that such a cause of action was so personal to the injured person that it would be against public policy to permit assignment.

Thus it has always been assumed to be the law of Florida that a cause of action for personal injury could not be assigned, either before or after the enactment of §45.11, Florida Statutes 1965, which was passed in 1951.

In neither of the cases cited by counsel for the defendant is this issue clearly presented or determined. In State Road Department v. Bender, 2 So.2d 298, the Supreme Court did say "A cause of action arising from pure tort like personal injury cannot be assigned***", but the case itself dealt with the assignability of a property damage claim.

In Clar v. Dade County, 116 So.2d 34, the Court of Appeal for the Third District stated —

"At common law, the assignment of a cause of action to recover for personal injuries was not permitted upon the principle that personal injury claims die with the person. Apparently Florida subscribes to that rule as evidenced by the language of the Supreme Court of our state in State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298."

The Clar case actually dealt with the assignability of an action arising under the wrongful death statute but Judge Horton went further and said "Since Florida appears to follow the common law rule on non-assignability of a personal injury claim***" — which further demonstrates how ingrained that thought had become without really ever being decided by a Florida appellate court.

In 3 Fla. Jur., Assignments, §5, page 136, it is stated —

"Assignability of choses in action is the rule rather than the exception, and practically the only classes of choses in action which are not assignable are those for personal torts and those based on contracts of a purely personal nature. The general test of assignability is whether the chose would survive the death of the assignor; rights which are strictly personal and which die with the person are unassignable."

The authorities cited for the statements just made are in the American Jurisprudence title on Assignments.

In 6 American Jurisprudence, Second, Assignments, §39, Survival Statutes, it is stated —

"The principal reason for holding that choses in action for personal injuries resulting from negligence or from other tortious acts are not assignable lies in the fact that they do not survive the death of the person injured, and it is *generally held that the enactment of statutes providing for the survival of such actions operates incidentally to remove the restrictions on their assignability. The question of survivorship becomes the test whether an assignee can recover.*" (Italics added.)

In 1951 Florida passed its survival statute, §45.11, which provides —

"No action for personal injuries and no other action shall die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law."

If the test is a question of survivorship, then under this statute a cause of action for personal injuries should perhaps be assignable.

The objection that such a rule would be against public policy remains to be discussed. The legislature of Florida has twice indicated that such a procedure is not distasteful and has twice provided for statutory assignment of such causes of action either in whole or in part. The first is in the subrogation of the rights to workmen's compensation benefits where third persons are liable, §440.39, Florida Statutes 1965. The second is in the assignment of the right to recover benefits paid under the uninsured motorists coverage, which is a mandatory provision of automobile liability insurance policies, §627.0851, Florida Statutes 1965.

It therefore appears that a strong argument may be made for the removal of the restriction against assignment. However, this should not be done by a court unless strong and overwhelming logic requires such action. In 6 Florida Jurisprudence, Common and Civil Law, §9, Power of Courts, it is stated —

"The courts may not ordinarily repeal or otherwise abrogate an established and recognized principle of the common law, but must leave it to the legislature to do so by valid enactment. Moreover, the courts have no inherent right to revise or amend the settled rules of the common law to suit their own ideas as to wherein the law should be modernized, by amendments which would overturn long standing precedents. They may, and should, however, remold and extend those principles to new conditions of advancing civilization. And, on the theory that when the reason for any rule of law ceases the rule should

be discarded, the courts may overrule or refuse to apply a principle of the common law in certain cases where it seems to be no longer applicable due to changed conditions, and will not hesitate to do so when an ancient common law principle fails completely to respond to present conditions."

It cannot be said in this instance that the "ancient common law principle fails completely to respond to present conditions". Rather it is simply an area in which the legislature has not acted and "where the statutory law is silent on a particular subject, the common law governs". 6 Fla. Jur., Common and Civil Law, §6, page 32.

The common law on this point is so well established without a Florida case that no active practitioner knows any other rule. Under such circumstances it is a matter for the consideration of the legislature.

It is therefore ordered and adjudged that — (1) Defendant's motion to dismiss counts two and three of the complaint is granted, without leave to amend. (2) Defendant's motion to dismiss count one of the complaint is denied. (3) Defendant's motion to strike addressed to count one is denied. (4) Defendant is allowed ten days within which to file and serve her answer to count one.