337 So.2d 392 (1976)
THE FLORIDA BAR, Complainant,
v.
David W. THORPE, Respondent.
No. 49246.
Supreme Court of Florida.
September 9, 1976.
David A. Maney, Bar Counsel, Tampa, and James P. Hollaway, Asst. Staff Counsel, Tallahassee, for complainant.
Michael J. Mekstraitis, Sarasota, for respondent.
PER CURIAM.
Disciplinary proceedings before a referee concluded with certain findings of fact and recommendations, which are set forth below. As to Count I, alleged violation of DR 2-110(A)(2) and (3) (withdrawal from employment), the referee found:
1. Respondent was employed by Harold R. and Lucille H. Schaub to represent them in Hillsborough County Circuit Case No. 73-7430 sometime after October 16, 1973 and prior to November 6, 1973. The Respondent was employed full time by The Hillsborough County State Attorney's office at the time he accepted this employment, and did not officially resign until December 31, 1973. According to Respondent, the uncontroverted testimony was that the Hillsborough County State Attorney's office had no objection to his taking outside cases so long as he did not appear in Court. (TR-49, Vol. I)
2. This case involved a claim by the Plaintiffs, James F. Nethers and Lillian G. Nethers, his wife, for permanent injunction against the Defendants so that they could not use certain rights-of-way in Sun City, Florida for access to their property. A default was entered against Harold R. Schaub and Lillian H. Schaub, his wife, and a Final Judgment taken by Plaintiffs' counsel on November 7, 1973, enjoining the Defendants permanently from trespassing or traveling upon certain rights-of-way in Sun City Subdivision.

*393 3. Subsequent to entry of the Final Judgment, Respondent, without prior permission of his clients, associated Stuart W. Umbarger, Esq., to represent Mr. and Mrs. Schaub on a Motion To Vacate the Final Judgment, which was filed on November 12, 1973. For the first time, on January 14, 1974, Respondent and Stuart W. Umbarger filed a Stipulation for Substitution of Counsel. The stipulation did not contain the consent of Respondent's clients, Harold R. Schaub and Lucille H. Schaub, his wife. On February 20, 1974, the Court denied the Schaub's Motion To Vacate the Final Judgment. (BAR Composite Exhibit # 6)
4. The facts further reveal that Respondent was of the opinion that the issues raised in the litigation filed by Mr. and Mrs. Nethers against his clients had been decided by the Florida Supreme Court case of State Road Department vs. Bender, 2 So.2d 298. (BAR Exhibit # 1) Counsel for the Nethers' had further offered to set aside the default Judgment if Respondent could find or present a valid defense to him. (TR-13) Testimony from counsel for Mr. and Mrs. Nethers further revealed that he offered to Mr. and Mrs. Schaub, through Respondent, a free easement to their property over Universal Drive, with the requirement that they would have to pave it according to County specifications. It further appeared that this offer was refused by the Schaubs, but according to counsel for Mr. and Mrs. Nethers, was subsequently accepted by either someone on behalf of the Schaubs or another corporation, and that the street known as Universal Drive is now paved and being used as a right-of-way to the Schaub property. (TR-15)
5. Respondent entered into numerous negotiations with counsel for Mr. and Mrs. Nethers and did additional work with the County in attempting to acquire alternative rights-of-way for them and advancing their cause in general.
6. There was a conflict between the testimony of Mr. and Mrs. Schaub, Respondent's clients, concerning whether they knew of his employment of Stuart W. Umbarger, Esq., and whether they consented to it. (TR-128 and 129)
The referee recommended that respondent "be found not guilty of violating DR 2-110(A)(2) and (3)."
As to Count II, alleged violation of DR 6-101(A)(1), (2), and (3) (failing to act competently), the referee found:
1. There has been no testimony submitted concerning the allegations of DR 6-101(A)(1) as to whether Respondent was or was not competent to handle the legal matter submitted to him by Mr. and Mrs. Schaub.
2. By Respondent's own testimony, I find that as a matter of admission, the Respondent was employed by Mr. and Mrs. Schaub prior to twenty (20) days having elapsed after service on them of the Nethers' Complaint. I further find that the Respondent did not take any action to respond to that Complaint prior to the expiration of the twenty-day period, and that there was no factual justification presented by the Respondent concerning his failure to respond to said Complaint. (TR-64, Vol. II)
3. I further find that although Respondent's actions resulted in a default Judgment being entered against his clients, that there were mitigating circumstances in view of the nature of the suit, and the overall picture as it relates to what Respondent actually did outside the scope of the litigation itself, in attempting to resolve the issues amicably between the parties.
The referee recommended that respondent "be found not guilty under DR 6-101(A)(1) ... [but] guilty of violation of DR 6-101(A)(2) and (3)."
As to Count III, alleged violation of DR 7-101(A)(1), (2), and (3) (representing a client zealously), the referee found:
1. There has been no evidence submitted concerning whether Respondent failed to seek the lawful objectives of his client through reasonably available means as permitted by law.

*394 2. The Respondent did fail to carry out a contract of employment for the reasons previously enumerated in regard to the prior Counts.
3. There has not been sufficient evidence presented to make a determination concerning whether the Respondent prejudiced or damaged his clients in the course of his professional conduct with them by allowing a default to be entered in subject case. Once again, this referee finds that there were mitigating circumstances as to the ultimate goal of the Respondent's clients which Respondent actively pursued. I further find that reasonable alternatives for rights-of-way were presented to Mr. and Mrs. Schaub through Respondent's efforts which, if accepted, may have mitigated any possible damages they could have suffered. (TR-16, Vol. II), (TR-17, Vol. II), (TR-21, Vol. II), and (TR-25, Vol. II)
The referee recommended that respondent "be found not guilty of violating DR 7-101(A)(1) and (3) ... [but] guilty of violating DR 7-101(A)(2)."
As to Count IV, alleged violation of DR 7-102(A)(2) (representing a client within the bounds of the law), the referee found:
1. The Bar counsel has also charged that Respondent knowingly made a false statement of fact in his notes to co-counsel, Stuart W. Umbarger, Esq., which was used by Umbarger in his Motion to Set Aside the Default Judgment. (BAR Exhibit # 1) The language used by Respondent in these notes and which the Bar relies upon to substantiate this charge is as follows:
`The County of Hillsborough, through its agents, servants or employees has continued to represent to the Defendants (The Schaubs) that said street may be County-owned at the filing of this cause of action, causing confusion as to the status of the Defendants. Whereupon the Defendants continued to communicate and consult with the County rather than retain private counsel.'
The Respondent does not deny that this statement was prepared by him in order to help co-counsel, Stuart W. Umbarger, Esq., prepare a Petition to Set Aside the Default Judgment. This language was also incorporated in the Motion to Set Aside the Final Judgment. The default Judgment was entered on November 7, 1973 and although there had been no testimony concerning the exact date this memorandum was presented to Mr. Umbarger, it is apparent that it was done by the Respondent after November 7, 1973 and prior to November 21, 1973, which was the date that the Motion to Vacate the Final Judgment was filed by Mr. Umbarger. (BAR Composite Exhibit # 1)
2. It is apparent from the meeting of the Hillsborough County Commissioners on October 17, 1973 (see BAR Exhibit # 1) that the County was considering withholding of building permits in subject subdivision until the determination could be made as to whether the rights-of-way involved were public streets. The County attorney further stated that he would like to discuss with the rest of the staff the advisability of the County being made a Third Party Defendant in the Nethers/Schaub litigation. County attorney, O'Brien, further recommended that Mr. Schaub employ his own attorney to protect his own specific rights in the matter. This is further supported by Mrs. Schaub when she testified that it was her understanding that the County was willing to come in and attempt to litigate this issue.
3. The testimony by Respondent is uncontroverted by both Respondent and his clients that he was employed by them prior to November 6, 1973, the date the default Judgment was entered, and this referee has no alternative but to make a Finding of Fact that Respondent's statement to co-counsel in an effort to get the Judgment set aside, was false, namely, `... Whereupon the Defendants continued to communicate and consult with the County rather than retain private counsel.' The referee also finds that Respondent knew that it was false at the time that he prepared the notes and submitted *395 them to Mr. Umbarger. (TR-56, Vol. I) and (TR-64, Vol. II)
The referee recommended that the respondent "be found guilty of violation of DR 7-102(A)(2)."
On the question of appropriate discipline, the referee recommended:
... that the Respondent, DAVID W. THORPE, receive a public reprimand and be placed on probation for a period of three (3) years.
... that the Respondent make quarterly case load reports by type and status to the Clerk of the Florida Supreme Court.
... that while on probation, the Respondent associate experienced counsel on any matter in which he has not developed expertise during his time in private practice of law.
Through counsel, respondent indicated that "he will not appeal the decision of the referee and he will accept that decision."
Accordingly, this opinion shall be published in the Southern Reporter, and such publication shall constitute a public reprimand; respondent is hereby placed on probation for a period of three years, beginning at the end of the probationary period previously imposed for an earlier disciplinary infraction; respondent shall continue to report quarterly to the clerk as to the type and status of each case in his office, so long as he is on probation; respondent shall associate experienced counsel on any matter in which he is inexpert, so long as he is on probation; and respondent shall pay the costs of these proceedings in the amount of $633.20.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS and HATCHETT, JJ., concur.
BOYD, J., concurs specially with an opinion.
BOYD, Justice (concurring specially).
I concur in the majority opinion which finds respondent guilty of misconduct, but because his clients apparently suffered little or no economic detriment, and a good faith effort was made to correct his error, I would limit the discipline to a private reprimand and payment of costs.