429 So.2d 784 (1983)
James E. STEWART, Appellant,
v.
CITY OF KEY WEST, Florida, a Municipal Corporation, Appellee.
No. 82-1252.
District Court of Appeal of Florida, Third District.
April 12, 1983.
*785 Albury, Morgan & Hendrick, P.A., and James T. Hendrick, Key West, for appellant.
Joseph B. Allen, III, Key West, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
In an inverse condemnation action the trial court established the effective date of the taking by the City of Key West, Florida, and in an amended final judgment provided for compensation and distribution of the award to James E. Stewart and several other plaintiffs. The single issue in this appeal is the propriety of the trial court's refusal to award pre-judgment interest to Stewart from the date of the taking. For the reasons which follow we reverse and remand with directions to award Stewart pre-judgment interest from the date of the taking.
In paragraph 5 of the amended final judgment the trial court held that "[i]n the absence of any statutory authority providing for an award ... of pre-judgment interest from the date of taking, the [c]ourt is unable to award pre-judgment interest to [Stewart]." Stewart argues, and we agree, that the full compensation clause of the Florida Constitution, art. X, § 6(a), Fla. Const., requires the court to take into account all the facts and circumstances bearing a reasonable relationship to the loss occasioned an owner by virtue of his property being taken by the state. See Jacksonville Expressway Authority v. Henry G. Du Pree Co., 108 So.2d 289 (Fla. 1958).
The full compensation required by the constitution in a direct condemnation action is equally required in inverse condemnation proceedings, Flatt v. City of Brooksville, 368 So.2d 631 (Fla. 2d DCA 1979), and this constitutional requirement needs no enabling legislation to be effective, id.; see Jacksonville Expressway Authority. It is undisputed that Stewart did not have the benefit of his land from the date of the taking, nor did he have any compensation until final judgment was entered. In order for Stewart to be made whole, pre-judgment interest from the date of the taking must be allowed. See art. X, § 6(a), Fla. Const.; see also State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298 (1941) (pre-judgment interest awarded from date of taking in inverse condemnation action).
Reversed and remanded with directions.