675 So.2d 207 (1996)
Charles H. SMITH, Appellant,
v.
Raymond SPITALE and Carole Spitale, Appellee.
No. 95-01307.
District Court of Appeal of Florida, Second District.
June 5, 1996.
*208 Douglas R. Bald of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for Appellant.
Alan E. Tannenbaum of Levin and Tannenbaum, P.A., Sarasota, for Appellees.
PER CURIAM.
In this case, we conclude that the trial court abused its discretion by dismissing one co-plaintiff's claim as a sanction for the other co-plaintiff's violation of a discovery order.
Charles and Carol Smith purchased a residence from Raymond and Carole Spitale. As a result of discovering what they believed to be numerous defects, the Smiths sued the Spitales claiming damages for breach of contract, breach of implied warranty and failure to disclose defects. At the time the complaint was filed in 1992, the Smiths were married. They subsequently divorced and ceased all communication with each other. A pretrial conference was held on February 1, 1995, at which the trial court orally ordered both plaintiffs, neither of whom were present, to submit themselves for deposition by February 10, 1995, or face dismissal of the suit. By agreement of counsel, the depositions were scheduled for February 10, 1995. On February 9, 1995, counsel for the Smiths filed a notice of transfer of interest and motion to drop or substitute party plaintiff based on the divorce and the fact that Carol Smith deeded her interest in the residential property to Charles Smith in 1993.
Charles Smith drove to Florida from New Hampshire and gave his deposition as ordered. Carol Smith did not appear. During his deposition, Charles Smith explained that he spoke to his former wife by telephone earlier that day and asked her to appear for deposition but she declined. On February 13, 1995, counsel for the Spitales filed a motion to hold the plaintiffs in contempt and to dismiss their action for failure to comply with the order on motions heard at pre-trial conference. The basis of the motion was the failure of Carol Smith to appear for deposition. At the hearing on the motion, which was held February 16, 1995, no testimony or evidence was presented other than the deposition of Charles Smith. The entire hearing consisted of argument of counsel. At the conclusion of the hearing, the trial court granted the motion to dismiss with prejudice. At no time during the hearing did the trial court announce that Carol Smith was found to be in contempt of court.
*209 The written order, which was subsequently entered and from which this appeal is taken, is entitled "final judgment of dismissal upon finding of contempt." It outlines the procedural history of the case, after which the following three paragraphs are set forth, all of which are legally insufficient to support dismissal of this action:
1. Plaintiffs were remiss in having waited until five days before trial in a case that had been pending for over two-and-a-half years to bring to the court's attention the circumstances of their 1992 divorce and its potential impact on this matter.
2. Absent a proper assignment by Carol Smith of her causes of action in this matter to Charles H. Smith, their claims remain indivisible and thus the court lacks authority to dismiss solely her claims or otherwise sanction her separate and apart from Charles H. Smith. State Road Department v. Bender, [147 Fla. 15], 2 So.2d 298 (Fla.1941); Florida Power Corporation v. McNeely, 125 So.2d 311 (Fla. 2d DCA 1960); Schmidgall v. Jones Boatyard, Inc., 526 So.2d 1042 (Fla. 3d DCA 1988).
3. Carol Smith's failure to sit for deposition by February 10, 1995 is in direct contempt of the court's order on motions heard at pre-trial conference and has prejudiced defendants' ability to provide a defense in this matter. Furthermore, this is the second time plaintiffs have violated orders of the court, the first being the violation of the trial order requiring timely submission of a witness and exhibit list.
First, while one may wonder why Mr. Smith did not tell his counsel and the trial court about the divorce sooner, the failure to do so does not constitute a violation of any court order and certainly does not rise to the level of misconduct that would support dismissal of an action.
Next, Carol Smith's deed of her interest in the property to Charles Smith does not necessarily extinguish her right to recover for any damages she may be able to prove. But, whether she has a viable claim is neither an issue before us nor one that we need to decide. However, we do need to decide whether, absent an assignment of her cause of action, a dismissal of her possible claim requires dismissal of Charles Smith's claim. We hold that it does not. Unlike the plaintiffs in the cases cited by the trial court, Charles Smith did not need an assignment from Carol Smith in order to be entitled to sue for damages.[1] He has been a continuous owner of the property that is the subject of the litigation from the time the cause of action arose. When Carol Smith deeded her interest in the property to Charles Smith, his status as a real party in interest did not change.
Finally, notwithstanding the fact that the record does not show any compliance with the procedural requirements governing contempt proceedings, we need not address the question of whether the trial court erred by finding that Carol Smith was in contempt of court because she is not a party to this appeal. More importantly, even if there was a proper basis for finding her in contempt, her misconduct would not support the dismissal of Charles Smith's claim.
Florida Rule of Civil Procedure 1.380(b) allows sanctions to be imposed for failure to obey discovery orders. However, the sanction of dismissal is a drastic remedy which should be used only in extreme situations. Momenah v. Ammache, 616 So.2d 121 (Fla. 2d DCA 1993). Furthermore, any order of dismissal must contain an explicit finding of willful noncompliance. Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990). The standard of review for the imposition of sanctions is whether there was an abuse of discretion by *210 the trial court. Id. The order before us contains no finding of willful noncompliance by Charles Smith, nor does the record support such a finding. Absent a deliberate and contumacious disregard of the trial court's orders by Charles Smith himself, it was an abuse of discretion for the trial court to dismiss his claim.
We reverse and remand with directions that the final judgment be vacated and the complaint reinstated as to Charles Smith.
PARKER, A.C.J., and BLUE and FULMER, JJ., concur.
NOTES
[1] Florida Power, 125 So.2d 311 (holding that by obtaining assignment of cause of action from grantor, purchasers of land became real party in interest and could maintain action against power corporation even though they did not own land when trespass occurred); Bender, 2 So.2d 298 (holding that lot owner who acquired title after damage to property became real party in interest by acquiring assignment of right of action from grantor); Schmidgall, 526 So.2d 1042 (holding that absent a specific assignment, successor bailor had no standing to sue boatyard for loss of equipment from boat stored with boatyard where loss of equipment occurred before buyer acquired title to boat).