HARRIS, Judge.
Durrance and Seymour were neighbors. Seymour built a partial fence separating a portion of his lot from Durance’s lot. The fence was built fifteen inches inside Seymour’s lot. Durrance extended the partial fence so that it completely separated the one lot from the other and filled dirt against the newly-extended fence. Some months after the fence was extended and the fill was placed against the fence, Seymour went into default under his mortgage. The bank foreclosed and sold the property to Homer in an “as is” condition. Horner then sued Dur-rance in trespass and negligence for damages caused to the fence by the weight of the fill and recovered a judgment for damages and, subsequently, a judgment for costs. In this consolidated appeal, Durrance challenges both awards contending, among other reasons, that the court erred in not granting his motion for summary judgment. We agree and reverse.
Durrance moved for summary judgment contending that he had the authority to extend the fence and place the fill. He presented the testimony of himself and Seymour that not only had Seymour consented to Durrance’s actions, but that he agreed to pay a portion of the expense of extending the fence. A check from Seymour to Durrance to cover Seymour’s portion of the expense was presented. Horner attempted to counter this evidence by showing that the consent was not in writing, was not recorded and was not revealed to other neighbors. This would have been good countering evidence if there exists a requirement that the agreement between Seymour and Durrance had to be in writing or had to be recorded or had to be shared with other neighbors. Since there is no such requirement, the evidence presented by Horner simply does not raise an issue as to consent and the court erred in not granting the summary judgment.
If the fill was improperly placed against the fence so that damage to the fence resulted, then Seymour might have a cause of action.[1] And if Seymour had such a cause of action for damage to his property, he could *137 have assigned it. State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298 (1941). But Horner does not assert an assignment; he does not even claim through Seymour. He took the property “as is” from the foreclosing bank. Seymour has retained any cause of action against Durrance that he might have under the circumstances.
The judgment for damages, the injunction to remove the fill, and the cost judgment are reversed and the cause is remanded for entry of judgment in favor of Durrance.
REVERSED and REMANDED.
DAUKSCH and ANTOON, JJ., concur.

. We need not discuss the possible implications of the economic loss rule in an action for damages for purely economic losses arising from a contractual relationship.