750 So.2d 703 (2000)
Evelina ROSENTHAL and Vladimir Rosenthal, Appellants,
v.
Eugenio RODRIGUEZ, Appellee.
No. 3D99-213.
District Court of Appeal of Florida, Third District.
January 12, 2000.
*704 Rafael A. Centurion, North Miami, for appellants.
James K. Clark and Brian Davis, Miami, for appellee.
Before LEVY, GODERICH and GREEN, JJ.
PER CURIAM.
Based upon the repeated and pervasive perjurious statements made by the appellant/plaintiff, Evelina Rosenthal, on matters central to her personal injuries action against the appellee, Eugenio Rodriguez throughout the course of discovery and trial, we cannot conclude that the trial court abused its discretion when it exercised its inherent authority to strike her pleadings and dismiss her cause with prejudice. Courts throughout this state have repeatedly held "`that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends.'" Metropolitan Dade County v. Martinsen, 736 So.2d 794, 795 (Fla. 3d DCA 1999)(quoting Hanono v. Murphy, 723 So.2d 892, 895 (Fla. 3d DCA 1998)); see also Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998); O'Vahey v. Miller, 644 So.2d 550, 551 (Fla. 3d DCA 1994); Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992). Moreover, since Evelina's main claim in this cause stands dismissed, so too must Vladimir Rosenthal's derivative claim for loss of consortium. See Faulkner v. Allstate Ins. Co., 367 So.2d 214, 217 (Fla.1979); AC & S, Inc. v. Redd, 703 So.2d 492, 494 (Fla. 3d DCA 1997). Finally, upon the proper and commendable confession of error by the appellee, we must reverse the court's dismissal of Vladimir's separate and non-derivative claim for property damage to his vehicle. See Sinatra v. Ikaros Aviation, Inc., 723 So.2d 358, 359 (Fla. 3d DCA 1998); Smith v. Spitale, 675 So.2d 207, 210 (Fla. 2d DCA 1996); Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994).
Affirmed in part and reversed and remanded in part.