SCHWARTZ, Chief Judge
(specially concurring).
Although, as must have been obvious, I felt otherwise at oral argument, I have become convinced that neither of the appellant’s primary arguments has merit. First, I can find no abuse of discretion in the trial court’s determination that any errors made by the plaintiff concerning his prior medical history did not rise to the level of deliberate misrepresentation so as to require the imposition of sanctions as in such cases as Rosenthal v. Rodriguez, 750 So.2d 703 (Fla. 3d DCA 2000). See also O’Vahey v. Miller, 644 So.2d 550, 551 n. 1 (Fla. 3d DCA 1994), review denied, 654 So.2d 919 (Fla.1995). Second, in contrast to MBL Life Assurance Corporation v. Suarez, 768 So.2d 1129 (Fla. 3d DCA 2000), I do not agree that the failure to admit a prior inconsistent statement of a non-appearing witness to the accident was materially harmful.
At the trial, every bit of pertinent evidence concerning both the circumstances of the accident and the plaintiffs prior and present medical condition were fully presented to the jury. The verdict and judgment under appeal therefore represents its reasoned resolution of the disputed issues, with which we may not interfere.