## CITY OF GRENADA *v.* GRENADA COUNTY.

[76 South. 682, Division A.]

1. COUNTIES. *Liability. Statute.*

Counties are political subdivisions of the state and as such are immune from liability to the same extent that the state is. There can be no liability against either the state or a county unless it be expressly or impliedly created by statute.

2. MUNICIPAL CORPORATIONS. *Paving county property. Liability. Statute.*

Under Laws 1912, chapter 260, section 4, relating to paving, a municipal corporation has no legal right to impose liability upon a county or the court house property of the county for paving the street in front of it as the act in question gives no such authority in law.

3. MUNICIPAL CORPORATIONS. *Paving. Manner of collecting assessments.*

Taking sections 23 and 25, Acts 1912, chapter 260, and reading them together, the court construed them to mean, that where the paving improvement had been made by the city, in a regular and lawful manner, and the property-owner in front of whose property the improvement had been made refused to pay for same, suit may be filed in the chancery court to enforce the lien against the property, and in that manner collect the amount expended by the city for the improvement. But under section 25 of the act it is provided that no personal judgment shall be rendered against the property-owner, but that the extent of the judgment shall only be to condemn and sell the property improved for the purpose of paying the tax assessed against it.

4. COUNTIES. *Liability of county property for debt.*

The public property of a county used in the orderly administration of governmental functions in and for the public interest cannot be levied upon and sold under execution, nor can a lien for a debt against it be enforced by foreclosure and sale, as such procedure would be against public policy and would hinder and impair the administration of the governmental functions of the state and county.

APPEAL from the circuit court of Grenada county.

HON. H. H. RODGERS, Judge.

Proceedings by the City of Grenada to recover for paving from the County of Grenada. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. M. Mitchell,* for appellant.

Chapter 260, Acts of 1912, does not apply to county property. Section 4 of said act exempts from its provisions property belonging to the state, and hence, as a necessary corrolary, property belonging to the counties also; since our court has repeatedly held that counties are merely subdivisions of the state and boards of supervisors and public school trustees are merely agencies created by the state to enable it to conveniently discharge a governmental function.

*Railroad Co.* v. *Middleton,* 109 Miss. 211. Again section 25 of said act provides that no personal judgment can be rendered against the owner of property under this act but that the extent of the judgment shall only be to condemn the property improved to be sold for the purpose of paying the tax assessed against it. See section 25, chapter 260, Acts of 1912.

I do not think counsel for appellee will for a moment contend that the City of Grenada could obtain a judgment or decree condemning county property to be sold to pay said assessment, even if the act had provided for redemption as required by section 79 of the Constitution, as that would be against public policy as tending to block the orderly administration of governmental functions.

Hence it is clear that the terms of the act itself excludes from its operation county property, as well as state property, if there is any difference in the two expressions.

But, even if the act did not exclude county property from its provisions in so many words, yet, it has been

repeatedly held by our court that neither state nor counties are supposed to be included in any statute imposing burdens unless specially named or fairly embraced in the language used therein. *Board of Supervisors of Warren Co.* v. *Klein,* 51 Miss. 816; *Branham* v. *Supervisors,* 54 Miss. 236; *Panola Co.* v. *Gillon,* 59 Miss. 198; *Redditt* v. *Wall,* 55 So. 45.

I submit that the only way in which the county could have been bound for the payment of the costs of paving in front of its property was for the city authorities to have requested the board of supervisors to join with the city in letting the contracts for this paving in front of its property; since the statute, sections 361, 362, and 363, Code of 1906, provides the only method by which the county could legally authorize or pay for contract work where the amount exceeded fifty dollars. This the city failed to do but contented itself with following the formal provisions of said act, and not even taking the precaution of serving any personal notice of its intentions to do the paving or of the levy of this special assessment against the county, but simply gave the notices by publication provided for in said act, leaving the county authorities to find out as best they could what the city was doing in the matter, the first actual personal notice to the board of supervisors or other proper authority having been the filing of the claim against the county for the cost of said paving.

I submit therefore that there has not been and could not be any legal liability on the part of the county in this matter, and the learned circuit court erred in rendering judgment against it and this case should be reversed and suit dismissed by this court.

*Cowles Horton,* for appellee.

It is to be presumed that the legislature of 1912 was familiar with the case of *Macon* v. *Patty,* 57 Miss. 385, which had held that exemption from general taxes did

not exempt from these special assessments; also with that line of authorities holding that exemption from state taxes did not exempt from county and levee taxes and *vice versa*. This being true, it was certainly plain that all property, not expressly exempted in the act except property of the United States, would be liable under its terms, and, with this knowledge in mind, it is erroneous to contend for an exemption which cannot be found in the act itself. The legislature, of course, may tax all property, except that of the Uinted States, but for reasons of its own has seen fit to exempt property belonging to these subdivisions. At the same time, since the public policy is not always the same in all cases (100 Miss. 338) it appears very clear to us that the purpose here was to make these subdivisions liable for its share of these special and beneficial improvements. Such a purpose, if it exists, is not at all peculiar to this state but is justified by the opinions of learned courts and writers.

Cooley says, in his work on Taxation, second edition, on page 653, that "even public property is often subject to these special assessments; there being no more reason to excuse the public from paying for such benefits than there would be to excuse from payment when property is taken under the eminent domain."

Smith tells us: "While the state may not authorize corporate authorities to levy special assessments upon property of the United States, as it would be an invasion of the rights of a distinct sovereignty, no such reason exists as between the several agencies of the state government which are subject to its control, and a county may be compelled to pay a special assessment against its courthouse for local improvements, although public property be exempt from taxation by express statute." Mun. Corp., Sec. 1236, page 1245; See, also, 28 Cyc. 1117, Note 65.

The instant question has been decided in the case next herein cited, where the property involved was a

courthouse in each instance, and, as these cases discuss the question very ably and exhaustively, I shall ask the court to read them. They are: *Adams County* v. *Quincy,* 22 N. E. 624; *Edwards* v. *Jasper County,* 94 Am. St. Rep. 301. Those cases answer every contention which might be made in opposition to the opinions of Cooley and Smith that such property should not be held to be exempt, and, without prolonging this brief by quotations from them, I shall urge upon the court to examine them carefully.

The rule for which we contend applies also in the state of Louisiana, as will be seen by reference to the case of *New Orleans* v. *Warner,* 175 U. S. 120, 44 L. Ed. The cases cited by counsel are not in point, and none of them hold anything contrary to the judgment appealed from. *Supervisors* v. *Klein,* 51 Miss. 816, merely held that county warrants did not bear interest under section 2279 of the Code of 1871. *Brahham* v. *Supervisors,* 56 Miss. 236, held that a county was not liable for defects, from which injury occurred in a bridge. *Panola Co.* v. *Gillon,* 59 Miss. 198, held that county property was not liable to a mechanics' lien and the provisions in the statutes in reference to third parties were not applicable where the county was the party sought to be proceeded against.

None of them dispute, in anywise, the rule laid down in the authorities we have cited. Of course we do not claim that the courthouse could be sold for this assessment any more than it could be sold under a builder's lien. At the same time, the county is still liable, we submit, in the case at bar just to the same extent and in the same manner as it would be to a contractor building the courthouse. While judgments against the county cannot be enforced in the same way as against individuals, still those judgments are, nevertheless, enforceable in another and equally as efficient manner.

HOLDEN, J., delivered the opinion of the court.

The city of Grenada adopted chapter 260, Laws of 1912, and proceeded thereunder to pave a certain one of its streets upon which the county courthouse property of Grenada county abutted and fronted. The proper notice by publication was given to the property owners on the street proposed to be paved, and all other requirements of the act were regularly carried out and the improvement made. There was no personal notice served upon the county officials, nor was the board of supervisors requested or invited to join with the city in letting the contract for the paving of the street in front of and adjoining the said courthouse property, except by the publication of notice aforesaid. After the said paving improvements were made by the city in front of the county courthouse property, the city presented a claim to the board of supervisors of the county for the cost of one-third of the paving, which amounted to two hundred and fifty-three dollars. Upon the refusal of the board of supervisors to pay this claim, the city of Grenada appealed to the circuit court of said county, and there obtained a judgment, which may be said to be a personal judgment, against the county for said amount, and from this judgment the county appeals here.

The appellant, Grenada county, makes two contentions by its assignments of error which deserve notice and discussion:

First. Appellant contends that chapter 260, Acts of 1912, imposes no liability upon counties or the property owned and used by the county in the administration of its governmental functions; and that as a county has no liability except as authorized, expressly or by necessary implication, by statute, and the act here in question does not expressly or by necessary implication impose a liability upon the county, but on the contrary, that section 4 of said act provides that "the provisions

of this act shall not apply to property owned by the state," and that as a county is a mere subdivision of the state, the exemption from the liability sought to be imposed in this case is clearly intended in the act.

Second. It is contended by appellant that even though the act in question does not exclude county property from its provisions, but includes it by necessary implication, still no recovery can be had in this case against the county because section 25 of said act provides that "no personal judgment shall be rendered against either a resident or nonresident owner, but the extent of the judgment shall only be to condemn the property improved to be sold for the purpose of paying the tax assessed against it."

As to the first contention of appellant, it is well settled that no suit can be maintained against a county to recover for liability unless such liability is authorized by some statute, expressly or by necessary implication. *Brabham* v. *Board of Supervisors,* 54 Miss. 363, 28 Am. Rep. 352; *Redditt* v. *Wall,* 55 So. 45, 34 L. R. A. (N. S.) 152; *Sutton* v. *Board,* 41 Miss. 236. We are of the opinion that such liability as claimed here is not embraced either expressly or by necessary implication in the act in question. The provisions of the act specifically exempting property owned by the state do not necessarily imply that the property of a county, which is a subdivision of a state, is not exempt, but is subject to liability for improvements made under the act the same as property of persons, as contended by appellee. We construe the language of the act as exempting the county property from the imposition of the burden, and we think that the intent of the act, expressed by the language therein, not only fails to include county property within its terms, but on the contrary intended to exempt it, the same as state property is exempt by the act and by the common law. Counties are political subdivisions of the state and as such are immune from liability to the same extent that the state is exempt. There can be no liability against

either the state or a county unless it be expressly or impliedly created by statute. 7 R. C. L. 950. In this case the statute failed to create liability against the county, but expressly provided against such liability by declaring that. "the provisions of this act shall not apply to property owned by the state," which inferentially includes as exempt also the property of a county of the state. Therefore, under chapter 260, acts of 1912, the city of Grenada had no legal right to impose liability upon the county or the courthouse property of the County, for paving the street in front of it, as the act in question gives no such authority in law.

The second contention of appellant is based entirely upon the interpretation of section 25, of said chapter 260, Acts of 1912, which is set out above. It will be observed that section 23 of the act provides that:

"If the assessment be not paid in thirty days it shall bear interest at the rate of ten per cent., and the mayor and board of aldermen may order suit to be brought in the chancery court to enforce the lien."

.Taking the sections 23 and 25 and reading them together, we construe them to mean that where the paving improvement has been made by the city, in a regular and lawful manner, and the property owner in front of whose property the improvement has been made refuses to pay for such improvement, suit may be filed in the chancery court to enforce the lien against the property, and in that manner collect the amount expended by the city for the improvement. But under section 25 of the act it is provided that no personal judgment shall, be rendered against the property owner, but that the exent of the judgment shall only be to condemn and sell the property improved for the purpose of paying the tax assessed against it.

It is a well-settled principle of law that the public property of a county used in the orderly administration of governmental functions in and for the public interest cannot be levied upon and sold under execution,

nor can a lien for a debt against it be enforced by fore-closure and sale, as such procedure would be against public policy, and would hinder and impair the administration of the governmental functions of the state and county. The appellee, city of Grenada, having no right, under section 23 of the act, to enforce its lien in the chancery court against the county for the debt claimed, and as section 25 of said act provides that no personal judgment shall be rendered against the property owner, the county here, we are bound to conclude that, first, there is no liability imposed by the statute upon the county in this case for the improvements made in front of the county courthouse property, and, second, that if the statute authorized such liability on the part of the county it could not be enforced in the chancery court by foreclosing the lien and selling the property of the county, under section 23 of the act, and as, under section 25, no personal judgment can be rendered against the county owning the property, the lower court erred in this case in giving a personal judgment against the county of Grenada in favor of the appellee city of Grenada.

It appears that under the act public property belonging to the state or county cannot be subjected to liability for improvements made on the streets in front of such property, but that the act gives such right and remedy only against the property of persons and private corporations. The legislature in our judgment, failed to make provision in the act which would allow recovery against the county for such improvements, and whether or not the omission to do so was unintentional is a matter we are not here concerned with.

The judgment of the lower court is reversed, and judgment entered here.

*Reversed and judgment here.*