COUNTY OF HILLSBOROUGH, *Appellant*, vs. MARY P. KENSETT, a married woman, by her next friend, J. G. KENSETT, *Appellee*.

144 So. 393.

Division B.

Opinion on Rehearing filed November 14, 1932.

Decision filed December 21, 1931.

238

*Sutton, Tillman & Reeves,* of Tampa, for Appellant;

*L. D. McGregor* and *John W. Gaines, Jr.,* of Tampa, for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and arguments of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree. It is therefore considered, ordered and decreed by the Court

that the said decree of the Circuit Court be, and the same is hereby affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

---

## ON REHEARING.

PER CURIAM.—On November 24, 1930, Mary P. Kensett, a married woman, hereinafter referred to as plaintiff, by her next friend, filed her amended bill of complaint in the Circuit Court of Hillsborough County, alleging that on and prior to 1912 and at all times since she has been and still is the owner in fee simple of certain described lands; that on or about September 1, 1925, defendant Hillsborough County, unlawfully and wrongfully entered upon said lands and did grievous wrongs and trespasses committed by wrongfully cutting down and removing bearing orange trees therefrom and by cutting off the roots of other orange trees on said lands and by wrongfully constructing a roadway from 50 to 60 feet in width upon and across said lands and by dividing the lands of plaintiff, to her damage, in that a large body of her land now lies on one side of said highway and only a few acres upon the other; that said County has not instituted condemnation proceedings to acquire a right-of-way over said lands and has continuously occupied and used the said highway since September, 1925; that Mary P. Kensett, on November 30, 1930, filed her claim for compensation with the Board of County Commissioners for Hillsborough County for the said land taken for highway purposes and for the value of the trees destroyed or removed in building the highway, payment whereof was refused, and the plaintiff has not been in any manner compensated for the property taken or the losses sustained.

The amended bill prayed for ascertainment of amount of compensation plaintiff should receive and that such

amount be decreed to be a lien upon all the lands now in said highway, and that in default of payment that all land taken from plaintiff within the bounds of said highway, with improvements thereon, be sold.

The amended bill was demurred to, on the ground that plaintiff had an adequate remedy at law and that it affirmatively appeared that whatever claim plaintiff had, had not been filed with the Board of County Commissioners within one year from the time said claim became due, as required by Section 4665 (2941) Compiled General Laws of Florida. The demurrer was overruled.

Defendant Hillsborough County answered. Testimony was taken, and upon final hearing it was decreed that plaintiff had dedicated to the County a strip of land seven and a half feet in width on each side of the center line of the paved portion of the highway; that plaintiff recover judgment against the County for $1500.00 and have a lien therefor on that portion of the described highway not found to have been dedicated by the plaintiff, and in default of payment that the described highway not so found to have been dedicated, be sold by the Special Master appointed in said decree.

This appeal is from the final decree. Errors are assigned on the order overruling the demurrers to the amended bill.

The cause of action, as alleged for trespass and for damages resulting from the building of the road in such way as to cut plaintiff's property into uneven parcels, sounds in tort.

A County of this State, being a mere governmental agency through which many of the functions and powers of the State are exercised, partakes of the immunity of the State from liability and may not be sued in an action *ex delicto* for damages to private interests resulting from construction of a public highway. Keggin v. Hills-

borough County, 71 Fla. 356, 71 Sou. Rep. 372; City of
Grenada v. Grenada County, 115 Miss. 831, 76 Sou. Rep.
682, 15 C. J. 569.

Right of recovery for the value of the land taken for
highway purposes rests upon an implied contract lia-
bility, there being no express contract between the
parties. Assumpsit may be maintained for the recovery
of damages for the breach or non-performance of a simple
contract, oral or written, or upon a contract implied by
law from the acts or conduct of the parties. Hazen v.
Cobb, 96 Fla. 151, 117 Sou. Rep. 853. And assumpsit,
in a proper case, may be maintained against a County.
Dade County v. Miami, 77 Fla. 786, 82 Sou. Rep. 354;
Johnson v. County of Wakulla, 28 Fla. 720, 9 Sou. Rep.
690.

But in Florida Southern R. Co. v. Hill, 40 Fla. 1, 23
Sou. Rep. 566, 74 Am. St. Rep. 124, it was held that
where a railroad company possessing the power of emi-
nent domain, enters upon the land of another without
his consent and without condemnation, and builds there-
on its tracks and appropriates to its use a right of way
over such land, the owner may waive the tortious taking,
elect to regard the act of the company as done under
the right of eminent domain, and demand and recover
just compensation, for which equity will enforce his
claim.

And it was also held in that case that the claimant for
compensation may resort to equity in the first instance
to establish the amount due him for compensation, and
to enforce same by charging the appropriated land for
payment of the demand. This rule is, of course, con-
fined to the recovery of the "full compensation" for the
land or right of way appropriated (Section 29 of Ar-
ticle XVI, Constitution of Florida) and does not au-
thorize the recovery in equity of those incidental or in-

direct damages which may be deemed to have been caused, not by the taking of what was appropriated, but by the effect on the abutting land of the use of the part which was taken. Tampa & Gulf Coast R. Co. v. Mulhern, 73 Fla. 146, 74 Sou. Rep. 297.

Insofar as the amended bill in the instant case prayed for ascertainment of the amount of compensation that complainant should have received for the portion of the right of way over her lands alleged to have been appropriated and used by the County without compensation and without complainant's consent, it stated a case in equity within the rule hereinbefore laid down by this Court and the demurrer on the ground that complainant had an adequate remedy at law was properly overruled.

The contention that the doctrine of Florida Southern R. Co. vs. Hill, supra, cannot be applied to a County, because of the settled principle of law that public property of a County used in the orderly functions in and for the public interest, cannot be levied on and sold under execution, and cannot be subjected to foreclosure and sale for a lien or debt (City of Grenada v. Grenada County, 115 Miss. 831, 76 Sou. Rep. 682, 15 C. J. 569), cannot be upheld in the light of the constitutional mandate that no private property shall be taken without full compensation, Section 12 of Declaration of Rights and Section 29 of Art. XVI of Constitution.

When a county takes private property of an individual in violation of the constitution, without making compensation for it, the property right of the county acquired in the property taken under such circumstances, can rise no higher than the power to hold the property under the right of eminent domain, after making full compensation for it to the owner. Property unlawfully taken without compensation is not public property until it is paid for, or until the right to recover compensation for

it is lost or abandoned, even though it has been devoted to the county benefit and is being used in the orderly administration of county government, such as for purposes of a highway and the like.

To state the proposition another way, when a county unlawfully invades and appropriates private property without paying therefor full compensation as Section 29 of Article XVI of the Constitution requires it takes such property *cum onere,* the *onus* being the constitutional charge which is required to be enforced against it for realization of the full compensation which the organic law requires to be paid to the owner for the taking. This charge, or right to full compensation, as we have seen, is one which can be asserted and enforced in equity in the first instance. Such was the holding in the Hill case, *supra.* And the mere existence of a right to sue at law upon an implied contractual liability of the county to pay for the value of the land taken, does not defeat the acknowledged equitable right of the owner to assume the relation of a vendor, and thereby be enabled to sue the county in equity for the enforcement of his demand as in the case of a vendor's lien, the right to an action at law not being regarded as being full, complete and adequate for the purpose of *securing* the payment to the owner of such full compensation as the constitution provides.

We next consider the proposition of dedication which was raised as a defense by the county.

The owner was a married woman. It is therefore necessary to decide whether or not a dedication of land by a married woman can divest her of her real estate unless accomplished by joint deed of herself and husband. The testimony is to the effect that there was a direct agreement between the county and Mrs. Kensett, whereby Mrs. Kensett, in the presence of her neighbors, agreed

that the county could have a right of way through her property, for the building of the road that was later put there. Mrs. Kensett never denied this agreement nor did her husband do or say anything in protest thereof, although he must have been apprised of the fact that such an agreement had been made. The Circuit Judge held that Mrs. Kensett was estopped to set up a claim to compensation for the right of way that she agreed to give, but allowed her compensation for the excess that was taken by the county over and above that which the agreement embraced. This ruling is attacked by a cross assignment of error.

Whatever may have been ruled on the question in other States, we have no difficulty in arriving at the conclusion that in a case *in equity*, where the facts are clear, the public interest important, and the necessity imperious, a married woman may be held estopped by her conduct, to deny the right of public authorities in a highway which has been appropriated by them pursuant to her express agreement to dedicate a right of way over the land for a roadway which has been built pursuant to the agreement, the agreement thereby having passed from an executory to an executed undertaking. This rule is especially applicable in a case like the one we have here, where the married woman predicates the only right which she could possibly have to institute her suit in equity, upon the theory that she has an election to go into a court of equity, declare herself a vendor, and in that status sue for and claim compensation for the unlawful appropriation of land by the county which is being sued by her in such action as an imputed vendee, by operation of law.

Surely a married woman cannot in one and the same suit claim to be a vendor to the county for the purpose of maintaining her suit in equity against the county as a

vendee, and in that same suit repudiate her ability to make a dedication of that, the full compensation for which she sues in such proceeding. By bringing her bill in equity, the complainant though a married woman, sued as a vendor for all she sought compensation for. It was accordingly entirely permissible for the county to show in answer to her claim that she was not entitled to be considered a vendor to that part of the property which she had voluntarily dedicated and which the county had actually accepted from her on that assumption.

In reaching the conclusion that we have reached on this point, we by no means intend to disapprove the holdings of the cases constituting the great weight of authority to the effect that a married woman who is without authority to alienate her property, except in a certain mode, has no power to dedicate it, except in the mode provided for alienation. Burleson v. Town of Hamilton, 213 Ala. 198, 104 Sou. Rep. 253; Lowell v. Daniels, 2 Gray (Mass.) 161, 61 Am. Dec. 448. See also Wilkins v. Lewis, 78 Fla. 82 Sou. Rep. 762.

This is not a suit to establish the validity of a married woman's dedication of land without joinder of her husband. On the contrary, it is a suit brought in equity by the married woman in which she seeks to enforce an equitable lien against certain property alleged to have been taken from her without compensation, and thereafter appropriated for public purposes without her consent. It is therefore a good defense in equity as against the enforcement of this lien, to show an equitable estoppel against the complainant, even though she be a married woman. To hold otherwise would permit a married woman, merely because of her coverture, to both approbate and reprobate in the same case, a privilege universally denied to every other litigant. Here the claim to the equitable lien is based upon the direct legal assumption

that Mrs. Kensett has by operation of law become entitled to become a vendor (grantor) of what was taken away from her by the county, and thereby to impose upon the land taken an equitable lien or charge which can be enforced in a suit in equity, because it is a creature of equity.

To admit the premise upon which the equity suit is permitted to be maintained in cases like this, is to necessarily permit the defendant to show an equitable estoppel against enforcement of the equitable lien for full compensation asserted.

Another defense interposed is that Mrs. Kensett's *claim* for full compensation was not filed with the County Commissioners within one year as required by Section 4665 C. G. L., 2941 R. G. S., and is therefore not enforceable.

Under Section 29 of Article XVI of the Constitution full compensation for the land taken must be first made to the owner or first secured to him by deposit of money, before his private property rights can be divested by the public appropriation. A right to make a claim against the county within one year after the unlawful taking is not a constitutionally valid substitute for the organic right to have full compensation first paid or secured by deposit in money. Board of Levee Commissioners v. Dancy, 65 Miss. 335, 3 Sou. Rep. 568.

This is not to say that the Legislature may not provide for a seasonable statute of limitations against court actions, either for recovery of land taken after it is actually taken, or against enforcement of the equitable lien which is permitted to be enforced to make the payment of compensation effective.

Section 4665 C. G. L., *supra,* is not such a statute of limitations but is a prerequisite to the right of action against the county on claims falling within its purview.

Whitehurst vs. Hernando County, 91 Fla. 509, 107 Sou. Rep. 627. The determination and allowance of just compensation for private property taken for public use is a judicial function that cannot be performed by the Legislature either directly or by any method of indirections. Spofford v. Brevard County, 92 Fla. 617, 110 Sou. Rep. 451. So the right to maintain a judicial proceeding to be secured as to such compensation being paid, is to be considered as barred only by a lawful statute of limitations applying to the suit itself, or by general principles of laches when the suit is in equity.

The duty is on the public authorities to either first pay, or secure payment, for private property that they elect to take under the power of eminent domain. The right to full compensation which our constitution gives is a right directly springing out of the constitution itself and is enforceable in a judicial forum immediately upon the appropriation having been made, if made unlawfully and without preliminary condemnation proceedings.

We doubt the authority of the Legislature to prescribe *conditions precedent* to the assertion in the courts of claims of this kind. But be that as it may, the proposition is one of doubtful constitutinal power, to say the least of it, and in cases of doubt, we construe statutes so as to avoid constitutional difficulties, when the language thereof permits such a construction, as it does in the case of Section 4665 C. G. L. *supra.*

The finding of facts by the chancellor warrants his decree which we do not feel warranted in disturbing as being clearly against the evidence. *Laches* was not directly asserted as a defense, and if it had been asserted, does not clearly appear in the circumstances of this particular case. The presumption is that the Chancellor in fixing the amount of his award, eliminated items of indirect damages to adjoining lands, and confined the

amount of lien decreed to full compensation only for that which was taken unlawfully.

The inability of the county authorities to make immediate payment, because its budget does not contain any item to meet the amount of the decree, is a matter which can, and should be, taken care of by the Chancellor in making appropriate orders suspending the enforcement of the decree until an opportunity has been accorded the county to protect the public interest by raising the money necessary to pay off the lien on the public highway, which if sold, might be lost to the detriment of all. Our mandate of affirmance should be construed as a direction and authority to the Chancellor to have such further proceedings in this regard as will accord full effect to the rights of the complainant and take care of the public interests represented by the defendant County.

It is only proper to say in conclusion that the statements contained in the first eight paragraphs of this opinion were prepared for this Court by MR. COMMISSIONER MATHEWS, who should be credited therewith.

The decree appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.