WIGGINTON, Judge.
Appellants filed their amended complaint pursuant to Chapter 87, F.S., seeking a decree declaring their rights with respect to a public road in Duval County which was purportedly vacated and abandoned by action of appellee, and for injunctive relief with respect thereto. From an adverse decree dismissing their complaint with prejudice appellants have appealed.
By their complaint appellants allege that for more than twenty-five years members of the public used and enjoyed a public thoroughfare known as Balsam Street which borders St. Johns River on the east a distance of some 1100 feet, and separates the bank of the river from property lying in an area of the county known as South Berlin as shown on a plat recorded in the public records of the county. It is alleged that on December 30, 1963, appellee adopted a resolution purporting to close, vacate, and abandon that part of Balsam Street adjacent to Blocks 1 and 2 as shown on the map or plat of South Berlin. It is further alleged that for approximately twelve years prior to the action by appel-lee purporting to vacate and abandon Balsam Street, the owners of property adjacent to the street completely obstructed it by maintaining thereon fences, poles, barriers, and private docking facilities extending over the street and beyond the low water mark of the St. Johns River, thereby excluding the public from use of the street and the tidal water adjacent thereto. It is alleged as a conclusion that ap-pellee abused its discretion in its purported attempt to close, vacate, and abandon the public street in question, and that in the attempted accomplishment of this purpose appellee failed to strictly comply with the provisions of the statute relating to the abandonment of public roads by Boards, of County Commissioners.[1] The complaint prays for a decree declaring that the action of appellee be declared illegal and void; that it be required to reopen the street and make it available for use of the public, and that it be restrained from attempting to again vacate the street or abandon it to the adjacent property owners. The complaint was dismissed for failure to state a cause of action.
Before entering upon a consideration of whether the complaint states a cause of' action, it must first be determined whether sufficient facts are alleged to show appellants’ right to maintain the action in any event.
The complaint alleges that one of the appellants, Edward Stacks, is the owner of a home in South Berlin located about 250' feet from Balsam Street. The Complaint is silent with respect to the rights or interest of the other appellants in the subject matter of the proceedings. The concluding paragraph of the complaint alleges-. *352 that this action is brought by appellants as taxpayers and citizens of Florida, and on behalf of all citizens. The complaint contains no allegations asserting that the action of appellee in abandoning and vacating Balsam Street has inflicted upon appellants an injury different in kind and degree from that sustained by other property owners or citizens of the community at large.
In the case of Brooks-Garrison Hotel Corp. v. Sara Inv. Co.,[2] the Board of County Commissioners of Lee County adopted a resolution disclaiming all interest in a street shown on a recorded plat to have been dedicated to the public for street purposes. Owners of property lying in the area in which the street was situate brought suit seeking a decree can-celling the disclaimer and quitclaim deed to the street executed by the county. In holding that those property owners had no standing as a matter of law to question the action of the Board of County Commissioners in abandoning and disclaiming any interest of the public in the dedicated street there involved, the court said:
“This court is committed to the rule that an action by an individual to enforce his right to use a public street must be based on a special and particular injury, differing not only in degree but also in kind, from that sustained by the community at large. Robbins v. White, 52 Fla. 613, 42 So. 841; Bozeman v. City of St. Petersburg, 74 Fla. 336, 76 So. 894; Garnett v. Jacksonville, etc., R. R. Co., 20 Fla. 889; Jacksonville, etc., Ry. Co. v. Thompson, 34 Fla. 346, 16 So. 282, 26 L.R.A. 410. No such showing has been alleged, nor is there anything in the record which shows a special or particular injury to the appellees. It may be conceded that the obstruction of a portion of a street adjoining property would be a ‘special and particular’ injury to such property, but that is not the case here. That portion of the dedicated strip adjoining the property of Sara is not claimed by the appellants, and is not here in controversy. The controverted strip would provide access only to the property owned by appellants; and the ap-pellees’ right to travel this portion of the street is certainly no different, either in kind or in degree, from that of the other members of the public.”
In the later case of Wedner v. Escambia Chemical Corporation [3] the Board of County Commissioners of Santa Rosa County adopted a resolution closing a section of public road located in that county, and conveyed title of the road to the Escambia Chemical Corporation. Citzens of the community had for a long period of years used the road in question as a means of access to the principal state highway. A number of citizens and property owners brought an action seeking a decree declaring the action of the Board of County Commissioners, and the resulting conveyance of the public road, to be void, and to enjoin the grantee chemical company from obstructing the road or otherwise interfering with its free use by the public. In affirming an order of the trial court dismissing the complaint, this Court said:
“The unauthorized obstruction of a public way is a common or public nuisance. It is not in itself ground upon which to maintain a private suit for injuries occasioned thereby. In order to maintain such a suit it must be shown that the party seeking relief has suffered some special injury, differing not only in degree, but in kind from that sustained by the community at large. No such showing has been made here. On the contrary plaintiffs’ complaint clearly asserts that *353 all matters therein complained of were experienced in common by the entire community. The plaintiffs are therefore necessarily restricted to their right of redress, if such is appropriate, by some authorized official action brought on behalf of the public.”
The principles of law set forth in the cases cited above were followed by the Second District Court of Appeal in the decision rendered by that court in the case of Dan Dee Corporation v. Samuels.[4]
Appellants have cited and rely in support of their position on the case of Daugherty v. Latham.[5] This was an injunction proceeding to restrain the county commissioners from closing and abandoning a public highway constituting the plaintiff’s only means of ingress and egress to the main highway leading to outside points. The abandonment of the road in question would have made it impossible for the plaintiff to transport her farm products and necessities of life to market. The Supreme Court held that the complaint stated a cause of action. This holding was predicated upon the inescapable conclusion that plaintiff alleged facts showing that the threatened action by the Board of County Commissioners would inflict upon her an injury different in kind and degree from that sustained by members of the community at large. It is our conclusion that the Daugherty case is no authority for appellants’ position.
Because of the failure of the complaint in the case sub judice to allege facts sufficient to show that the action of the Board of County Commissioners here assualted has caused appellants an injury different in kind and degree from that sustained by other members of the community at large, we must hold that appellants have no standing to maintain this action. The final judgment dismissing appellants’ complaint with prejudice is accordingly affirmed.
STURGIS, C. J., and RAWLS, J., concur.

. F.S. §§ 336.09, 336.10, F.S.A.

. Brooks-Garrison Hotel Corp. et al. v. Sara Inv. Co. et al., (Fla.1952) 61 So. 2d 913.

. Wedmer et al. v. Escambia Chemical Corporation et al., (Fla.App.1958) 102 So.2d 631.

. Dan Dee Corporation v. Samuels, (Fla.App.1960) 124 So.2d 733.

. Daugherty v. Latham, 128 Fla. 271, 174 So. 417.