RAWLS, Judge.
The Safer sisters, Plaintiffs, have appealed from a final order dismissing their amended complaint with prejudice.
The sole question is whether the trial court erred in granting the Defendant’s motion to dismiss the second amended complaint with prejudice. We find that it did and reverse.
The complaint seeking a declaratory judgment alleged the following facts: Harry Safer, after living a thrifty life, died testate in 1947, leaving a modest estate (8 dwellings) to be held in trust to provide necessities for his wife and two maiden daughters. He instructed the trustee to paint the buildings with two coats of paint every four or five years and to keep same in a reasonable state of repair. The widow has since died, and the trust is the sole income for the two maiden daughters, now ages 54 and 57, and provides, after upkeep and taxes, only sufficient funds for necessary health and welfare without any luxuries.
In 1966 the City of Jacksonville adopted a “Housing Code” after two unsuccessful attempts in the past five years to get the local legislators to introduce an enabling act. A copy of the Code was attached to and made a part of the complaint. The effect of the Code is to require all dwellings, apartment houses and rooming houses, irrespective of when constructed, altered or repaired, to meet current building standards as to plumbing, heating, electrical wiring, minimum standards for space, yard drainage, etc. It provides for fine and imprisonment for violations and vests in the Supervisor of Building the right to demolish the premises for failure of an owner to improve his property to meet the required standards. The cost of demolishing same is to be charged to the owner and collected in the manner provided by law.
The Code vests broad enforcement powers in the Supervisor of Building and *787 even allows him to impose additional “requirements, not specifically covered by this Code,” when he finds same to be necessary for safety, health and general welfare of the occupants — subject to appeal to' the Board of Adjustments and Appeals. It allows “undue hardship” cases to appeal from the decision of the Supervisor of Building to the Housing Board, does not define “undue hardship,” but permits the Board in such cases to vary the application of the ordinance. The Supervisor is authorized to adopt, without notice, new regulations or cancel same as and when he sees fit.
The complaint further alleged that the Code is arbitrary, constitutes an illegal usurpation of legislative power that has never been granted to the City, an unreasonable deprivation of property without just compensation, an illegal exercise of police power and other grounds not necessary to mention here.
The Plaintiffs alleged that on August 30, 1966, they received orders from the City to make certain improvements on their properties which will cost over $20,-000.00 (the assessed valuation of said property being $39,800.00) ; that said order is an undue hardship, but relief from such hardship has been denied them by the City; that the premises have no defect or deficiency that will materially jeopardize the health or safety of any tenant; that each dwelling has its own private indoor bath with tub or shower, flush type toilet and kitchen sink; all are wired for electricity and no objection has been made to any health or safety factor so far as plumbing or electricity is concerned; that the City has required that they install extra fixtures, switches and wall outlets for electricity, hot water heaters and lavatories; and that if the City directives are not met, Plaintiffs are advised that the properties are to be vacated by April 15, 1967, on which date the City will placard the residences as unfit for human habitation and take steps to prevent continued violations.
The Plaintiffs further alleged that they have exhausted all administrative remedies but have been denied relief; that they are in doubt as to their rights and privileges, as to the validity of the ordinance, and as to the legality of Defendant’s actions. Plaintiffs sought a temporary and permanent injunction.
The complaint sufficiently alleged a controversy over the validity of the ordinance; it alleged ultimate facts which, if proven, entitled the Plaintiffs to relief; and it contained sufficient facts to show that their damages would be irreparable.
The order of dismissal was based primarily upon the lower court’s finding that the complaint does not allege facts showing that the threatened action of the Defendant has caused Plaintiffs or their property an injury different in kind and in degree from that sustained by other members of the community at large. This rule of law is applicable in actions by an individual to enjoin the obstruction of a public street of to set aside a resolution or ordinance, such as one abandoning a public street, in order to enforce his right to continue to use the public facility.[1]
The rule has no application in actions seeking to enforce private constitutional rights or in actions seeking to enjoin a City from enforcing an ordinance enacted without legislative authority, or in excess of its police power, or by which it can destroy private property without due process.
This court has repeatedly held that in declaratory judgment proceedings the test of sufficiency of the complaint is not whether the plaintiffs will suc *788 ceed in getting a declaration of their rights in accordance with their theory but whether they are entitled to a declaration of rights at all.[2] We find that the complaint, though verbose, has sufficiently stated a cause of action and should not have been dismissed.
We find no merit in Appellee’s point.
The order appealed is quashed and the cause remanded for further proceedings.
WIGGINTON, C. J., and CARROLL, DONALD K., T., concur.

. Linning v. Board of County Commissioners of Duval County, 176 So.2d 350 (Fla.App.lst, 1965), and cases cited therein.

. Hankins v. Title and Trust Co. of Fla., 169 So.2d 526 (Fla.App.1st, 1964).