LILES, Chief Judge.
On September 22, 1955, the appellees plaintiffs in the trial court, received a letter from the Honorable Ed Scott, Clerk of the Court in and for Collier County, advising appellees that the County intended to construct State Road No. S-846 in Collier County. Contained in this letter was a request for the plaintiffs to convey to the County a 100 foot right-of-way through their property for the purpose of constructing an 80 foot shallow canal beside the the proposed road. Quoting from the letter, Mr. Scott stated:
“The plans call for the construction of an 80' shallow canal, which runs through the South of the Section owned by you, and which will drain the sections on the North of the proposed road into the canal, into Horse Creek and into the Gulf of Mexico. In order to construct the canal it is necessary to secure a 100' right-of-way through Township 48 South, Range 25 East, Township 48 South, Range 26 East, and Township 48 South, Range 27 East.

“It is believed by the Engineers that the construction of the canal and road that it [sic] will serve a purpose to the land owners furnishing access to the properties and assist in drainage of the properties.
“The road and canal will greatly enhance the value of the properties along this route. This road was planned by your Board of County Commissioners in accord and forming a part of its overall plan for the development of Collier County.”
Upon receipt of the letter appellees did on September 24, 1955, execute a quitclaim deed for the property requested. The deed contained the following provision:
“The 100 feet in each section listed is for the purpose of an easement for a shallow 80' canal to furnish borrow and drainage.”
The County proceeded to construct the road and from the evidence it appears that they did construct a ditch of uneven depth which varied in width from 20 to 40 feet. Upon completion of the road ap-pellees continued to urge the County Commissioners to complete the drainage canal in accordance with the promises made to them. The record reveals that the ap-pellees and their attorneys did on October 7, 1958, December 6, 1960, January 17, 1961, and April 4, 1961, contact the County Commission urging them to complete the canal. Upon each such contact they were promised again that the canal would be constructed pursuant to the State Road Department plans and specifications. Then on September 12, 1962, the County, through its attorney, advised appellees that the County would take no further action regarding the drainage canal.
On March 28, 1963, the appellees brought suit against the County. Following pleadings and motions the second amended complaint came on for trial. The trial judge ruled that the cause would be tried under the theory of inverse condemnation and determined that there was a failure of consideration for the deed given to the County. The order being appealed compels the County to exercise its powers of condemnation to determine the damages due the appellees.
Appellants have appealed and urge that the trial court erred in ordering the cause to be tried under the theory of inverse condemnation since the pleadings did not authorize the cause to be tried under that theory; that failure of consideration was not a proper issue to be tried since it could not be found to exist; that a promise to do something in the future though subsequently broken without excuse even though it may have been one of the motivating forces leading to the transactions was not grounds for rescission or cancellation; and finally *748 that the complaint did not contain an allegation of compliance with the provisions of Section 95.08, Florida Statutes, F.S.A.
We believe the complaint as filed was broad enough to authorize the trial judge to proceed to the order now being appealed. Paragraphs 7 and 8 of plaintiffs’ complaint state:
“7. That the Defendants even though they have defaulted in their contract because of their refusal to complete the construction of the canal have further refused to reconvey the real property back to the Plaintiffs and have further refused in the alternative to pay to the Plaintiffs any just compensation for the wrongful retention of their land by the Defendants.
“8. That by reason of the aforesaid the Defendants have obtained a deed to the real property described in this Second Amended Complaint and have further refused to do equity towards the Plaintiffs by offering to pay for said real property or offering to reconvey said property. Wherefore, such deed should be taken and held as inoperative, null and void and be cancelled on the record.”
The complaint also asks for “further relief as this Honorable Court may deem meet and proper in the premises.”
Therefore, it would appear that the above-quoted language is broad enough to properly authorize the trial judge to enter its order dated March 19, 1968, wherein the trial judge ordered and decreed that the equities of this cause are with the plaintiffs and that the defendants improperly and unlawfully obtained the 100 foot right-of-way, and ordered that this wrong be corrected within 30 days by the commencement of appropriate condemnation proceedings against the property.
Appellees contend that upon the judge’s indication that he would issue the above order the appellants made no objection but simply said that they were not ready to go to trial on condemnation. From the record it appears that appellants did not make the proper objection. However, we believe that the complaint was broad enough and appellants’ failure to object is of no consequence.
Appellants complain that even assuming failure of consideration was a proper issue to be tried, consideration cannot be found to exist. It will be noted that the deed was secured by the promise to construct a shallow 80 foot canal on the 100 foot right-of-way, and that the deed itself contained the recitation “ * * * for the purpose of an easement for a shallow 80' canal to furnish borrow and drainage.” Therefore, consideration did exist and the trial court properly found that there had been a failure of consideration. In any event, an appellate court will not substitute its opinion for that of the trial judge on questions of fact, witnesses’ credibility and weight of evidence. Perry v. Perry, Fla.App.1957, 97 So.2d 152; Goldfarb v. Robertson, Fla.1955, 82 So.2d 504; West Plumbing & Heating Co. v. Hurley, Fla. App.1964, 168 So.2d 328.
Appellants also maintain that ap-pellees did not comply with the provisions of Section 95.08, Florida Statutes, F.S.A. It is not necessary to decide whether on the facts of this case appellees did comply with this statute because it does not apply to eminent domain proceedings. Hillsborough County v. Kensett, 1932, 107 Fla. 237. 133 So. 400, 144 So. 393. As stated above, the trial judge properly tried this case under the theory of inverse condemnation.
We have examined the remaining point raised by appellants and find that it is also without merit. The trial judge’s order was properly entered in this cause and will not be disturbed.
Affirmed.
HOBSON and McNULTY, JJ., concur.