323 So.2d 6 (1975)
PINELLAS COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Carl M. AUSTIN and Norma D. Austin, His Wife, Appellees.
No. 74-967.
District Court of Appeal of Florida, Second District.
December 5, 1975.
*7 Nugent M. Walsh, Asst. County Atty., Clearwater, for appellant.
Gilman M. Hammond, of Hammond & Holman, Pinellas Park, for appellees.
GRIMES, Judge.
This case involves the question of whether the vacation of a street by a public body which results in a substantial deprivation of access constitutes a taking of property so as to entitle the owner to a recovery under the theory of inverse condemnation.
Mr. and Mrs. Austin owned and live on a rectangular parcel of land in Pinellas County consisting of five acres. A canal running in a northeasterly direction intersected the property near the southeast corner. Pursuant to resolution, the County of *8 Pinellas vacated certain portions of platted streets which led to the Austins' land from the north and the west. The street from the north contained a dirt road which the Austins had used as a means of access. A totally unimproved platted street ran near the northeast corner of the parcel, but the record is not clear whether this street actually touched the Austin property. The only other access to the land was a street along the southern border east of the canal. The only remaining road to the Austins' home and the bulk of their land was from this street by way of a small wooden bridge over the canal.
Slightly more than two years after the vacation of the streets, the Austins brought suit against the county and the adjoining property owners who had requested the vacation of the streets. Following the taking of testimony, the court dismissed the suit against all parties except Pinellas County. No appeal was taken from this order, so we need not be concerned with that aspect of the case. However, the court entered a separate order from which the county appeals declaring that the Austins had proved that inverse condemnation had taken place because their right of access to the property had been taken "without due process of law and without compensation."
On this subject 11 E. McQuillin, The Law of Municipal Corporations, § 30.188 (3d ed. 1964) states:
"The right of a landowner injured by the closing of a street to damages therefor is almost universally recognized either because of general constitutional provisions relating to the taking of property for public use or under statutes expressly providing for a recovery of damages on the vacation of a street. If there is an express statute authorizing a recovery, then of course it governs. In the absence of any special statute, the general rule is that an abutting owner who is injured is entitled to compensation for damage caused by the vacation of the street or alley...."
See also 1A C. Antieau, Municipal Corporation Law, § 9.29 (1974).
The right of access to one's land is a property right. See Anhoco Corporation v. Dade County, Fla. 1962, 144 So.2d 793. Therefore, even where a public body has properly exercised its discretion in determining to vacate a street, a property owner may be entitled to compensation for the consequent loss of access. The theory of most of these cases is that a property right has been taken without compensation. E.g., City of Rock Hill v. Cotthran, 1946, 209 S.C. 357, 40 S.E.2d 239. The fact that title to the vacated street reverts to adjacent property owners rather than to the public body does not render it any less a taking insofar as the person who lost his access is concerned. A street can only be vacated through the approval of the appropriate public body, and, by having taken the action necessary to close the street, this body becomes liable for compensation to those whose right of access has been taken away.
On the other hand, not everyone owning property near a street which has been vacated is entitled to be compensated. A landowner must demonstrate that he has suffered special damages which are not common to the general public. 11 E. McQuillin, The Law of Municipal Corporations, § 30.188 (3d ed. 1964). Thus, in Linning v. Board of County Commissioners of Duval County, Fla.App. 1st, 1965, 176 So.2d 350, the court held that a person who owned a home about 250 feet away lacked standing to contest the validity of the vacation of a street because he had not shown an injury different in kind and degree from that sustained by other property owners or citizens of the community. See 11 E. McQuillin, The Law of Municipal Corporations, §§ 30.192-30.194 (3d ed. 1964). The fact that a person loses his most convenient method of access is not such damage which is different in kind from damages sustained by the community at large where his property has suitable access *9 from another street even though the alternate route is longer. Bozeman v. City of St. Petersburg, 1917, 74 Fla. 336, 76 So. 894; Halpert v. Udall, S.D.Fla. 1964, 231 F. Supp. 574. Cf. Daugherty v. Latham, 1937, 128 Fla. 271, 174 So. 417.
Applying these principles to the instant case, it must be conceded that the Austins were not totally deprived of access to their property. Nevertheless, the quality of their access was diminished. The old wooden bridge was not adequate to support heavy vehicular traffic, such as garbage trucks or fire trucks. Regardless of whether the platted street touches the Austin property at the northeast corner, there is no road there, and, even if you could get in, it would then be necessary to cut down trees and drive through some nursery stock in order to have effective access to the bulk of the tract. On balance, we believe the record is sufficient to support the conclusion that the Austins suffered a sufficient impairment of their right of access as to be different in kind from the public at large. The existence of the other possible means of access may reduce the amount of the recovery, but because of the limitations upon the other access, the Austins are entitled to be compensated for the loss suffered by the vacation of the streets in question.
By cross-appeal, the Austins complain that the court should have invalidated the vacation proceedings because the length of time between the date of the first publication of notice and the public hearing fell short of the legal requirements. The court below held that the Austins were barred from making this claim by reason of "estoppel in laches" and because of their failure to present a claim to the county commissioners within one year pursuant to Fla. Stat. § 95.08 (1973). According to 11 E. McQuillin, The Law of Municipal Corporations, § 30.196 (3d ed. 1964):
"Vacation can be effected only by a substantial observance of all mandatory legal requirements, which, as noticed above are in some instances exclusive. However, slight irregularities will not render such action void, and by estoppel and laches an irregular vacation may become absolute."
Since the record is sufficient to support the finding of laches, we need not decide the applicability of Fla. Stat. § 95.08 (1973).[1]
Affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] Clearly, this statute is not applicable to the claim of inverse condemnation. Hillsborough County v. Kensett, 1932, 107 Fla. 237, 144 So. 393; Hancock v. Piper, Fla. App.2d, 1969, 219 So.2d 746.