400 So.2d 513 (1981)
The CITY OF ORLANDO, Etc., Appellants,
v.
Charles J. CULLOM, et al., Appellees.
No. 80-1305.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
Rehearing Denied July 7, 1981.
Eli H. Subin, City Atty., and Michael S. Webb, Asst. City Atty., Orlando, for appellants.
C.J. Cullom of Cullom & Cullom, Orlando, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from a final order enjoining appellant from obstructing a street in Orlando and requiring the appellant to either compensate appellees for the past obstructions or restore the street to its prior configuration.
The city closed a street known as Wall Street and made a pedestrian mall and plaza of the area. The street before its demise looked like this and was a one-way street *514 headed westerly and was approximately 300 feet long. Parking was available to vehicles and traffic flowed from Orange Avenue to Court Avenue.

The plan for the mall which was constructed looked like this and as can be seen, effectively blocks the free flow of vehicular traffic, permits no vehicular parking and *515 allows appellees and all others no right to vehicular access without special permit.[1]
The question on appeal is whether the governmental authority took from these individual *516 citizens a valuable property right for which the citizens are entitled to compensation. More succinctly, the question is whether the restriction of vehicular traffic past the point of appellees' building is such a taking.

In answering the question, we consider the general proposition that the right of access to one's property is a valuable right which cannot be taken without compensation. Even a serious diminishment is a taking and must be paid for. State v. Stubbs, 285 So.2d 1 (Fla. 1973); Anhoco v. Dade, 144 So.2d 793 (Fla. 1962); Pinellas County v. Austin, 323 So.2d 6 (Fla. 2d DCA 1975). However, before a landowner can be compensated for such a loss it must be shown he suffered damages peculiar to him and not common to the general public. Pinellas County, id. at 9.
As can be seen from the diagrams, appellees have lost some right to free flow of vehicular travel past their building and parking has been eliminated along this stretch of Wall Street but they still have access to their property and it has not been seriously diminished, as in Stubbs, Anhoco and Pinellas County. It was said in Pinellas County: "The fact that a person loses his most convenient method of access is not such damage which is different in kind from damages sustained by the community at large where his property has suitable access from another street even though the alternate route is longer." 323 So.2d at 8.
We can find no statute or case law which says abutting property owners have a valuable right to parking spaces in the street they abut. This restriction on parking in a particular street is not a deprivation of a property right for which appellees are entitled to compensation. Rather, as noted in numerous other jurisdictions, a municipality may prohibit parking on its street as an exercise of its police power. City of Phoenix v. Wade, 5 Ariz. App. 505, 428 P.2d 450 (1967); Snyder v. State, 92 Idaho 175, 438 P.2d 920 (1968); Triplett v. City of Corbin, 269 S.W.2d 188 (Ky. 1954); Thomas & Warner, Inc. v. City of New Orleans, 230 La. 1024, 89 So.2d 885 (1956); Farnsworth v. City of Roswell, 63 N.M. 195, 315 P.2d 839 (1957).
Our Supreme Court has just answered the question as to whether a landowner has a compensable interest in traffic flow. Division of Administration v. Capital Plaza, 397 So.2d 682 (Fla. 1981). In that case, the government had prevented northbound traffic from entering the landowner's service station by the construction of a solid median down the center of the highway. In that case the court held "that landowners have no compensable interest in traffic flow and that, in order to receive severance damages, any complained-of impairment must result directly from a taking."
In the face of that decision we have no choice but to reverse the order.
REVERSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] By city ordinance a special permit is available to appellees and others if a need is demonstrated.