452 So.2d 1089 (1984)
CITY OF PORT ST. LUCIE, a Municipal Corporation, Appellant,
v.
Orville PARKS and Louise Parks, His Wife, Appellees.
No. 83-1591.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
*1090 Roger G. Orr of Gilbert & Orr, P.A., Fort Pierce, for appellant.
Douglas E. Gonano and Michael Jeffries of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellees.
DELL, Judge.
The City of Port St. Lucie appeals an order finding a taking by inverse condemnation.
In September of 1979, appellees purchased a lot in the City of Port St. Lucie and built a model home. Appellees had direct access to Port St. Lucie Boulevard by traveling over Cane Slough Road. In 1981, appellant realigned the roads and terminated appellees' access to Port St. Lucie Boulevard from Cane Slough Road. Cane Slough Road became a dead end street with a hammerhead turnaround in front of appellees' property. Appellees filed suit and alleged that appellant's actions constituted a taking which entitled them to compensation. The court found that appellant's actions "resulted in an unreasonable interference with access to the property and did result in a substantial inverse condemnation."
Appellant challenges the sufficiency of the evidence supporting the finding of a taking. Appellant recognizes that "[e]ase and facility of access constitute valuable property rights for which an owner is entitled to be adequately compensated." State Department of Transportation v. Stubbs, 285 So.2d 1, 3 (Fla. 1973). However, appellant argues that "[t]he fact that a person loses his most convenient method of access is not such damage which is different in kind from damages sustained by the community at large where his property has suitable access from another street even though the alternate route is longer." Pinellas County v. Austin, 323 So.2d 6, 8-9 (Fla. 2d DCA 1975). Thus appellant contends the evidence is insufficient to support a finding of a taking because appellees merely lost their most convenient method of access.
Appellees maintain there has been an unreasonable interference with the quality of the access to their property which entitles them to compensation. They rely on Austin for the proposition that they do not have to establish a total deprivation of access, but rather that they only need to show a diminishment in the quality of access.
In Austin, the county vacated a street and affected access to the Austins' property. The court stated:
[I]t must be conceded that the Austins were not totally deprived of access to their property. Nevertheless, the quality of their access was diminished. The old wooden bridge was not adequate to support heavy vehicular traffic, such as garbage trucks or fire trucks. Regardless of whether the platted street touches the Austin property at the northeast corner, there is no road there, and, even if you could get in, it would then be necessary to cut down trees and drive through some nursery stock in order to have effective access to the bulk of the tract. On balance, we believe the record is sufficient to support the conclusion that the Austins suffered a sufficient impairment of their right of access as to be different in kind from the public at large. The existence of the other possible means of access may reduce the amount of the recovery, but because of the limitations upon the other access, the Austins are entitled to be compensated for the loss suffered by the vacation of the streets in question.
Id. at 9.
Diminishment in the quality of access therefore means an actual impairment *1091 which results in some deprivation to the property, but does not include mere inconvenience.
In the case sub judice, appellee Parks testified that the termination of access to and from Port St. Lucie Boulevard causes inconvenience to the truck drivers because it is difficult to turn the larger trucks around on Cane Slough Road. However, he also admitted that the property has not been deprived of any services as a result of the termination. Although appellees have lost the most convenient access to the property, mere inconvenience without actual impairment is not compensable. Therefore, we hold that appellee presented insufficient evidence to establish a compensable loss and we reverse the order of the trial court which found that a taking occurred.
REVERSED.
HERSEY and GLICKSTEIN, JJ., concur.