LETTS, Judge.
Palm Beach County appeals from an adverse final order in an inverse condemnation proceeding. We affirm.
The real estate in question, which is zoned commercial, is situated at the intersection of Spanish Trail and the main east-west thoroughfare of Palmetto Park Road in Boca Raton. Fronting on Palmetto Park Road the property owners operate a beauty salon thereon. As part of a bridge construction and road-widening project the County is to construct a retaining wall in front of the owners’ property which will block access to, and visibility of, the property owner’s place of business from Palmetto Park Road. Instead, the property *971 owners will have to make do with alternate access to their property by an indirect winding route through a primarily residential neighborhood involving some 600 yards and a complete circumnavigation of the area in which the beauty salon is situated. The sketch below best illustrates the circumstances.
[[Image here]]
The trial court found:
This then leaves for resolution by the Court the issue of whether, under the facts of this case, a taking compelling eminent domain proceedings exists as a result of the proposed construction of the retaining wall. The court determines that such a taking has occurred. The plaintiffs own a valuable parcel of commercial property fronting on Palmetto Park Road, a major east-west thoroughfare in Boca Raton. Before the taking, east bound traffic on Palmetto Park Road could turn right, directly into plaintiffs (sic) parking lot. Following the taking, for east bound traffic to reach the property, it will be necessary for that traffic to take about a three-block circuitous route through a residential neighborhood to the rear of plaintiffs’ property....
The totality of the evidence convinced this judge beyond any doubt that plaintiffs have been denied “suitable access”. The court is thoroughly convinced that the plaintiffs will have lost a lot more *972 than their “most convenient method of access”.
(Footnotes omitted.)
The County cites City of Port St. Lucie v. Parks, 452 So.2d 1089 (Fla. 4th DCA 1984), petition for review denied, Parks v. City of Port St. Lucie, 459 So.2d 1041 (Fla.1984) in support of its argument that the record fails to support the trial judge’s holding.
In Parks, we concluded that the property owner did not sustain a compensible loss because the owner had lost only the most convenient access to the property and that mere inconvenience without actual impairment of the use of the property does not constitute a taking. By contrast, in the case at bar the owners’ commercial property fronts on a major thoroughfare in the city of Boca Raton. Before construction of the retaining wall, their customers had direct access from that thoroughfare to the business premises. The retaining wall extends directly in front of the owners’ property and approximately twenty feet easterly to the adjoining lot; but it ends there and it does not affect any of the remaining seven lots fronting on Palmetto Park Road to the east.
Under the circumstances we must agree with the trial court’s conclusion that the owners lost more than their most convenient method of access. They have shown that the retaining wall will require their customers to take a tedious and circuitous route to reach their business premises which is patently unsuitable and sharply reduces the quality of access to their property. The wall will also block visibility of the commercial storefront from Palmetto Park Road.
Simply stated, we believe that it was a question of fact, in this nonjury trial, as to whether the walling off of the owners’ commercial property and the circuitious alternative to reach it, amounted to more than inconvenience. The trier of the fact decided that it did and we cannot find that he abused his discretion by so concluding. We recognize that the issue we decide is a close and important one and certify the following question to the supreme court as one of great public importance:
ARE THE OWNERS OF COMMERCIAL PROPERTY LOCATED ON A MAJOR PUBLIC ROADWAY ENTITLED TO A JUDGMENT OF INVERSE CONDEMNATION WHEN THE COUNTY GOVERNMENT BLOCKS OFF ANY ACCESS TO THE PROPERTY FROM THE ROADWAY AND LEAVES ACCESS THERETO ONLY THROUGH A CIRCUITOUS ALTERNATIVE ROUTE THROUGH RESIDENTIAL STREETS? AFFIRMED.
ANSTEAD, J., concurs.
DELL, J., dissents with opinion.