DELL, Judge,
dissenting.
I respectfully dissent. I do not disagree with the trial court’s finding that the appel-lees “will have lost a lot more than their ‘most convenient method of access.’ ” The issue is whether appellees’ prospective losses are compensable under the laws of this state.
Pinellas County v. Austin, 323 So.2d 6 (Fla. 2d DCA 1975), relied on by appellees, is distinguishable. In Austin, the county vacated certain portions of platted streets which led to the Austin’s land. The only other access to the Austin’s property was from another street by way of a small wooden bridge over a canal. The old wooden bridge was not adequate to support heavy service vehicles such as garbage trucks or fire trucks. The court concluded that the abandonment of the roads resulted in a sufficient impairment of the access to the Austin’s property to entitle them to compensation:
On balance, we believe the record is sufficient to support the conclusion that the Austins suffered a sufficient impairment of their right of access as to be different in kind from the public at large. The existence of the other possible means of access may reduce the amount of the recovery, but because of the limitations upon the other access, the Austins are entitled to be compensated for the loss suffered by the vacation of the streets in question.
*973 Id. at 9 (emphasis added). In Austin, there was evidence that certain heavy vehicular traffic would not have access to the property, thus depriving the owner of these services. In the present case, the owners have only shown that the retaining wall will cause them to take a 600 yard longer and more circuitous route to reach their property. As stated in Austin:
A landowner must demonstrate that he has suffered special damages which are not common to the general public.... The fact that a person loses his most convenient method of access is not such damage which is different in kind from damages sustained by the community at large where his property has suitable access from another street even though the alternate route is longer.
323 So.2d at 8-9 (citations omitted).
While appellees may suffer a decline in their business as a result of the retaining wall, business damages are strictly a matter of legislative grace, not constitutional imperative. Florida Power & Light v. First National Bank and Trust Company of Riviera Beach, 448 So.2d 1141, 1142 (Fla. 4th DCA 1984). There is currently no statute providing for business damages where, as in the present case, none of the business owner’s property has been taken.[1]
I believe this case is controlled by Weir v. Palm Beach County, 85 So.2d 865 (Fla.1956), where the court stated:
The owner of property abutting a public way has a right of ingress to and egress from his property as well as a right to enjoy the view therefrom. However, these are rights which are subordinate to the underlying right of the public to enjoy the public way to its fullest extent as well as the right of the public to have the way improved to meet the demands of public convenience and necessity. If the improvement for the benefit of the public interferes with the pre-existing means of ingress and egress and view enjoyed by the individual property owner, without an actual physical invasion of the land of the property owner, then again we have the situation where the individual right is subordinate to the public good and any alleged damage suffered is damnum abs-que injuria. This is so for the simple reason that one who acquires property abutting a public way acquires it subject and subordinate to the right of the public to have the way improved to meet the public need.
Id. at 868-69.
Accordingly, I would reverse the judgment of the trial court.

. Appellees misplace their reliance on State Department of Transportation v. Stubbs, 285 So.2d 1 (Fla.1973). Stubbs held that section 338.04, Florida Statutes (1971) mandates jury consideration of severance damages where there is a direct physical taking of property for a limited access facility. The present case involves neither a limited access facility nor an actual physical taking of appellees' property.